LINDA PETERS et al., complainants,

*v.*

PUBLIC SERVICE CORPORATION et al., defendants; EMMA MIMNAUGH, administratrix *ad prosequendum,* appellant.

[Argued February 10th, 1943. Decided April 30th, 1943.]

*Mr. John B. Baratta,* for the appellant.

*Mr. Henry H. Fryling* and *Mr. Henry J. Sorenson,* for the respondents.

PER CURIAM.

This is an appeal from an order of the Court of Chancery advised by Vice-Chancellor Sooy whose opinion is reported

at *132 N. J. Eq. 500*. The appeal is by one of the four complainants, Emma Mimnaugh, administratrix *ad prosequendum* of the estate of George Mimnaugh, deceased. She appeals from that part of the order which dissolved the *ad interim* restraint against the prosecution by the defendants-respondents of a motion to strike her complaint in the action at law. We are of the opinion that the portion of the order appealed from was properly entered for the reasons therefor given in the opinion of the Vice-Chancellor, and should be affirmed.

PERSKIE, J.   (Dissenting.)

The gravamen of the holding by the learned Vice-Chancellor is concisely embraced in that portion of his deliverance where he said (at *p. 507*), "The Death Act is a statute of creation and the commencement of the action within the time limit is an indispensable condition of the liability and of the action which it permits. If the action is not instituted within the time limit the defendants are exempt from liability. There being no saving clause in our statute, this court is without power to ingraft any exception to interfere with limit of the time within which suit must be brought."

In other words, the learned Vice-Chancellor held that our Death Act is a limitation both upon the liability of the wrongdoer and upon the remedy of the wronged. That this was so prior to the Revision of 1937 of our public laws is beyond question. What, however, is the effect of that revision? It is my thought that it wrought a change, namely, the limitation is no longer upon the liability but is simply a limitation upon the remedy.

Why do I think so? From the day when first our legislature provided for an action for death by a wrongful act, and in all amendments thereof up and until the Revision of 1937, the time limitation was worded as follows:

"* * * *provided* that every such action shall be commenced within twelve calendar months (or 'twenty four calendar months, or two years') after the death of such deceased persons ('And not thereafter')."

Under the 1937 revision the limitation reads as follows (*N. J. S. A. 2:47-3*):

"Every action brought under the provisions of this chapter (47. Death by wrongful act) shall be commenced within two years after the death of the decedent and not thereafter."

It is at once obvious that the revision deleted the word "provided" and thus reconciled and harmonized the wording thereof with the wording in the provision for limitations of actions not involving death (*N. J. S. A. 2:24-2*) save that in the former (revision) the wording is that the action shall be commenced within the stated time limitation "after the death of the decedent" while in the latter the wording is that the action shall be commenced within the same time limitation "next after the cause of any such action shall have accrued." The difference is clearly one of choice of words and not of substance.

But the learned Vice-Chancellor was of the mind that the Revision of 1937 could not and did not work the stated change. I disagree.

In our unanimous decision of *Duke Power Co.* v. *Somerset County Board of Taxation, 125 N. J. Law 431; 15 Atl. Rep. (2d) 460,* we discussed the need for the revision, the method employed to satisfy that need, and the resultant effect of that revision. We said (at *pp. 432, 433*):

"The legislature recognized the need to eliminate the existence of 'contradictions, omissions and imperfections' in the existing statute law of our state. Thus it empowered the revision commissioners 'to suggest' to it 'such contradictions, omissions and imperfections,' and also to suggest to it 'the mode in which they shall have *reconciled, supplied* and *amended* the same,' and also to recommend the passage of 'new acts or parts of acts' necessary or expedient to accomplish the desired result. *Section 3, Pamph. L. 1925, supra.* The commissioners embraced their suggestions and recommendations in their final report to the legislature. That report was in the 'mode' or form of a printed copy of the acts so revised and consolidated, as required by the statute,

*Pamph. L. 1925, supra.* It was then clearly the function of the legislature to determine whether or not to adopt the commissioners' suggested and recommended revision and consolidation. The legislature exercised that function on December 20th, 1937; it adopted, without change, the commissioners' final report. The revision, in 'mode' or form submitted and adopted became the 'public statute law of the State of New Jersey, of a general nature.' *Pamph. L. 1937, ch. 188, p. 832."*

Thus it is now the settled law that the new "revision [of 1937] is a wholly independent enactment, superseding all existing general laws." *Duke Power Co. v. Somerset County Board of Taxation, supra* (at *p. 433*), and cases there collated. And as such, it clearly wrought the stated change.

I, therefore, think that complainant who sued under the Death Act was entitled to the same relief that was granted the other three complainants, viz., continuation of the restraint until a final hearing and decision on the merits. *Cf. Martin v. Lehigh Valley Railroad Co.. 114 N. J. Law 243; 176 Atl. Rep. 665.*

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE. BODINE, DONGES, HEHER, PORTER, WELLS, RAFFERTY, THOMPSON, JJ. 10.

*For reversal*—PERSKIE, J. 1.