MARSHA KILBURN v. BARRY C. KEENAN

SUPERIOR COURT       NEW HAVEN COUNTY       FILE No. 101122
AT NEW HAVEN

Memorandum filed December 6, 1967

*Morris W. Mendlesohn* and *Charles Henchel,* of New Haven, for the plaintiff.

*John C. Flanagan,* of New Haven, for the defendant.

GRILLO, J. The affidavit of the defendant indicates that for more than three and one-half years prior to the commencement of this action he maintained a specific assigned room at Yale University, leaving his required possessions and receiving mail there. This assertion is not disputed by counter affidavit or otherwise, thus permitting the inference that the plaintiff cannot in good conscience refute it. *Gancy* v. *Dohna,* 25 Conn. Sup. 138, 140. During the period with which this action is concerned, February 25, 1962 (date of accident) to April 3, 1963 (date of service of writ), the defendant absented himself from his New Haven residence only during the summer vacation. This is confirmed by the sheriff's affidavit. It was not impossible for the plaintiff to commence an in personam action within the statutory period, the defendant's absence being only temporary. General Statutes § 52-57; *Dorus* v. *Lyon,* 92 Conn. 55, 57. Even conceding that the defendant was a non-resident, one must conclude that the statute permitting service on the commissioner of motor vehicles, § 52-62, would be effective to permit an

action in which a binding in personam judgment could be obtained. *Hartley* v. *Vitiello,* 113 Conn. 74, 83. Clearly, therefore, § 52-590 does not toll the Statute of Limitations.

The court has given considerable thought to the second claim of the plaintiff to avoid the thrust of the Statute of Limitations and has carefully perused the affidavits and transcript of the deposition. It would appear therefrom that evidence could be offered establishing the following: The adjuster conversed with the plaintiff in person or via telephone several times up to and including December, 1962, at which time he attempted to initiate a settlement. The plaintiff was to see her physician early in January, 1963, and expressed a desire to wait, stating she had three years in which to sue and that there was no rush. The adjuster nodded his head affirmatively, stating "no rush," and promised to get in touch with the plaintiff after she had seen Dr. Miller, after the Christmas holidays. No such promise was kept; the plaintiff's calls to the adjuster went unheeded; her requests for a return call were ignored by the adjuster, although his secretary said he would call, and finally, just after the Connecticut Statute of Limitations time had run, he was reached by telephone and he informed the plaintiff that he had closed his file, that the Statute of Limitations had expired. This latter statement at least calls into question the assertion by the adjuster that he did not know what the Connecticut Statute of Limitations period was as of December, 1962, a few months before he informed the plaintiff that the statute had run. It also raises a question as to the inference sought to be drawn from the adjuster's affidavit that he did not know where the plaintiff contemplated bringing suit. (The defendant was residing in Connecticut.)

An estoppel may prevail over the statute where the defendant's conduct is directed to the very point of obtaining the delay of which he afterwards seeks to take advantage by pleading the statute. *Lippitt* v. *Ashley,* 89 Conn. 451, 480. We are cognizant of the fact that the thought that there was a three-year Statute of Limitations was not implanted in the mind of the plaintiff by the adjuster, that no statement was made by him relative to this aspect of this litigation. Did the adjuster have knowledge, actual or constructive, of the real facts pertaining to the Statute of Limitations? 28 Am. Jur. 2d, Estoppel and Waiver, § 40. Did honesty and fair dealing demand that the adjuster speak? *Davis* v. *Evans,* 132 So. 2d 476 (Fla. App.). Was the claimed failure of the adjuster to call and the claimed subsequent delay in responding to the plaintiff's call the factor most instrumental in her not seeking or getting advice from an attorney until the statute had run? Was the adjuster's nonaction during January and February of 1963 deliberately designed to obtaining a delay to the prejudice of the plaintiff, to mislead her, considering that before that time he was anxious to settle the matter, according to the plaintiff? *Breen* v. *Aetna Casualty & Surety Co.,* 153 Conn. 633, 643. Did the defendant, through the adjuster, lull the plaintiff into a sense of security relative to a future settlement or possibility of settlement unimpeded by any considerations of the Statute of Limitations? In spite of the excellent memorandum supplied by the defendant's counsel, these are the troublesome questions that we feel cannot be perfunctorily answered by a motion for a summary judgment. The questions require a probing of the mind, as it were, and are not answerable by a cold affidavit. They are questions of fact for the trier. 34 Am. Jur., Limitation of Actions, § 413.

The motion for a summary judgment is denied.