**GASTEAM RADIATOR CO., Inc.,**
**Plaintiff in Error,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation,**
**Defendant in Error.**

**No. 42549.**

Supreme Court of Oklahoma.

June 23, 1970.

Miller, Brockett, Wilson & Granger, By Barney W. Miller, Oklahoma City, for plaintiff in error.

W. Samuel Dykeman, Oklahoma City, for defendant in error.

LAVENDER, Justice.

This appeal, which presents only a question of limitation of actions, arises in an action by a materialman against the surety on a contractor's "payment" bond which had been taken by the board of education of a school district of this state as required by the provisions of 61 O.S.1961, § 1, which was in effect on May 11, 1965, when, it is agreed in the pleadings, the bond was executed by the defendant in such action, United States Fidelity and Guaranty Company.

61 O.S.1961, § 1, which was an early statute as amended in 1955 and as amended

by Section 1 of a 1961 act (Senate Bill No. 147 of the 28th Oklahoma Legislature; O.S.L.1961, pages 458 and 459), provided:

"Whenever any public officer shall, under the laws of the State of Oklahoma, enter into contract in any sum exceeding One Hundred Dollars ($100.00) with any person or persons, for the purpose of making any public improvements or constructing any public building or making repairs on the same, such officer shall take, from the party contracted with, a bond with good and sufficient sureties to the State of Oklahoma, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor, materials, and/or repairs furnished in the construction of said public building or in making said public improvements."

A companion statute, 61 O.S.1961, § 2, which was an early statute as amended in 1955 to correspond with the 1955 amendment of the above-mentioned statute and as amended by Section 2 of the above-mentioned 1961 act, provided that:

"Such bond shall be filed in the office of the clerk of the district court of the county in which such public improvement is to be made or such public building is to be erected, and any person to whom there is due any sum for labor or materials, and/or repairs, furnished as stated in the preceding sections [sic], or his assigns, may bring an action on said bond for the recovery of said indebtedness, provided, that no action shall be brought on said bond after six (6) months from the completion of said public improvements or public buildings."

Those two statutes (hereinafter referred to as Section 1 and Section 2, respectively, of the 1961 act) were amended in a 1965 act (House Bill No. 548 of the 30th Oklahoma Legislature; Chapter 518 O.S.L. 1965, pages 1072 and 1073), which contained an "emergency" section and became effective on July 22, 1965.

Section 1 of the 1961 act was amended by Section 1 of the 1965 act to read as follows:

"Whenever any public officer shall, under the laws of the State of Oklahoma, enter into any contract in any sum exceeding One Thousand Dollars ($1,000.00) with any person or persons, for the purpose of making any public improvements or constructing any public building or making repairs to the same, such officer shall take, from the party contracted with, a bond with good and sufficient sureties to the State of Oklahoma, in a sum not less than the sum total of the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor and materials furnished by any supplier and consumed in the construction of said public building or in making said public improvements; and such repairs to and rental of machinery and equipment as may be furnished by a subcontractor to the person or persons contracting with the public officer or instrumentality;"

and Section 2 of the 1961 act was amended by Section 2 of the 1965 act to provide that:

"Such bond shall be filed in the office of the agency, institution, department, commission, municipality or government instrumentality that is authorized by State law and does enter into contracts for the construction of public improvements or buildings, or repairs to the same; and the officer with whom the bond is filed must furnish a copy thereof to any person claiming any rights thereunder. Any person to whom there is due any sum for labor, material, rental of or repair to machinery or equipment, furnished as stated in the preceding section, his heirs or assigns, may bring action on said bond for the recovery of said indebtedness, provided, that no action shall be brought on said bond after one (1) year from the completion of said public improvements or buildings; provided, however, that neither the pro-

visions of this nor those of the preceding section create any liability under the bond for any indebtedness for rental of or repairs to machinery or equip-, ment which are furnished, either directly or indirectly, by any person, firm or corporation whose principal business is selling, exchanging, buying, renting or repairing machinery or equipment."

It was admitted in the pleadings that the materials involved in the plaintiff's claim were furnished by the plaintiff on July 27, 1965 (five days after the 1965 act became effective), were used and consumed in making the repairs required by the prime contract in connection with which the bond sued on was given, were of the value of $783.62 (the principal amount claimed by the plaintiff), and the plaintiff was not paid therefor; and that the work under the prime contract was completed on September 15, 1965. This plaintiff's action on the bond was commenced on August 29, 1966, more than six months after completion of the repairs under the prime contract, but within one year thereafter.

The defendant pleaded that the action had been barred by the provisions of Section 2 of the 1961 act because not brought within the six-months limitation period prescribed therein. After the issues had been formed by the plaintiff's reply, the plaintiff filed a motion for judgment on the pleadings, on the theory that the only issue remaining—whether or not the six-months period of limitation prescribed in Section 2 of the 1961 act was applicable to the plaintiff's action—was one of law. After a hearing thereon, the trial court took the matter under advisement, and, after considering the pleadings and briefs submitted by the parties, found, generally, for the defendant and against the plaintiff, and rendered judgment for the defendant.

Plaintiff's motion for a new trial was overruled and the plaintiff appeals to this court, contending that the trial court erred in determining that the plaintiff's action was barred by the provisions of Section 2 of the 1961 act and, based thereon, rendering judgment for the defendant.

We first note that a copy of the bond contract involved herein is not included in the record or briefs, but the defendant does not dispute the plaintiff's statements, in its briefs, that the bond was conditioned as provided as Section 2 of the 1961 act, and was silent concerning the time within which an action thereon might be brought.

The plaintiff's basic contention is to the effect that statutes of limitation are remedial and do not involve substantive law or substantive rights, and that, therefore, a legislature may, constitutionally, enlarge a statutory period of limitation and make it apply to then-accrued causes of action, provided it is not made applicable to actions already barred by the then-existing statute of limitations, since doing so would not affect any vested substantive rights. In support thereof, the plaintiff cites 34 Am.Jur. 35, "Limitation of Actions," Section 29, and cases from other states noted in the annotations thereto, which appear to support those principles of law.

The plaintiff argues that—not only before the statute had run against the plaintiff's action, but even before the plaintiff's cause of action had accrued to commence the running of the statute—the 1965 session of the Oklahoma Legislature did enlarge the period of limitations prescribed in Section 2 of the 1961 act, by amending that section so as to change the period of limitation prescribed therein from six months after completion of the public improvement or building to one year after completion of the public improvement or building; and that, therefore, the plaintiff's action was not subject to the time limitation prescribed in Section 2 of the 1961 act but was subject to the time limitation prescribed in that section as amended in 1965.

We think that the trial court's decision can be upheld only upon the theory that the time-limitation provision of Section 2 of the 1961 act was not a true statute of limitation but was a condition precedent to, and a part of, the very right of action created by the same section, so that along

with the provision of that section which created the right of action on the bond, such limitation provision became a part of the bond contract, just as this court, in Tom P. McDermott, Inc. v. Bennett et al. (1964), Okl., 395 P.2d 566 (cited by the defendant), held that the statutory provisions regarding the type of claims to be protected became a part of a bond required by such statute.

Although not stated in those words, that was the theory applied by this court in Chicago Bridge & Iron Works v. Walker et al. (1926), 120 Okl. 244, 251 P. 478 (the only other case cited by the defendant), in holding that the time limitation prescribed in Section 7487 C.O.S. 1921 (which, as amended in 1955 and in 1961, became 61 O.S.1961 § 2), rather than the time limitation prescribed in the general statutes of limitation of actions, applied to an action on the contractor's payment bond involved in that case, even though such bond ran in the name of the municipality involved instead of running in the name of the State of Oklahoma as provided in Section 7486 C.O.S. 1921 (which, as amended in 1955 and in 1961, became 61 O.S.1961, § 1).

Metropolitan Casualty Insurance Company of New York v. Dolese Brothers Company (1933), 163 Okl. 36, 20 P.2d 569, also involved the time-limitation provision of Section 7487 C.O.S.1921. The Chicago Bridge & Iron Works case is one of the cases cited in that case in support of the following statement made therein in holding that the trial court erred in holding that such provision was a statute of limitation (rather than a condition precedent to the right of action provided in that statute) and that, therefore, the burden was on the defendant to sustain its contention that the action had not been commenced within the six-months period prescribed therein:

" * * *. The section provides a remedy in derogation of the common law, and provides for an action against a surety on the bond, which, in the absence of the statute, could not be maintained.

The action authorized by the statute can be maintained only when it is commenced within six months from the date the public improvement is completed. The burden was upon the plaintiff to show that the action was commenced within the authorized time."

However, in Phillips Petroleum Company v. United States Fidelity & Guaranty Company (1968), Okl., 442 P.2d 303—decided subsequent to the trial court's decision in the present case—this court held, in the first paragraph of its syllabus:

"61 O.S.1961, §§ 1 and 2 create no rights, liabilities, or cause of action in derogation of the common law; the six (6) month limitation provision contained in 61 O.S.1961, § 2 is an ordinary statute of limitation, not an extinguishment provision of the rights, liabilities and cause of action referred to in 61 O.S.1961 §§ 1 and 2. To the extent that Metropolitan Casualty Ins. Co. v. Dolese Bros. Co., 163 Okl. 36, 20 P.2d 569, is contrary to this holding, the same is hereby overruled."

■ Under the principles upon which that holding of this court is based, the time-limitation provision contained in Section 2 of the 1961 act was not a part of the provision in the same section which authorized any person to whom there was due any sum for labor, materials, and/or repairs, furnished as stated in the preceding section, to bring an action on a bond required by, and taken under, the provisions of Section 1 of the 1961 act, but, as a true statute of limitation of actions (as distinguished from an absolute condition precedent to the right of action itself), was separate and distinct therefrom. Any expression contrary to such view contained in Chicago Bridge & Iron Works v. Walker et al., supra, is hereby disapproved.

■ Consequently—whether the one-year statute of limitation prescribed in 61 O.S.1961, § 2 as amended in 1965 was applicable to actions on bonds required by, and taken under, the provisions of 61 O.S. 1961, § 1 as well as to actions on bonds re-

quired by, and taken under, the provisions of 61 O.S.1961, § 1 as amended in 1965, or was applicable only to the last-mentioned actions—the six-months statute of limitations prescribed in 61 O.S.1961, § 2 became completely inoperative and ineffective on July 22, 1965, when the above-mentioned 1965 act became effective, except as to actions theretofore barred by the six-months statute of limitations.

■ Since this plaintiff's cause of action had not accrued as of July 22, 1965, it is clear that its action thereon had not been barred, as of that date, by the six-months statute of limitations contained in 61 O.S. 1961, § 2. Such six-months statute of limitation did not apply to this plaintiff's action. Such action was not barred by the one-year statute of limitation contained in 61 O.S.1961, § 2 as amended in 1965 (if that statute applied to it), and was not barred by the general statute of limitation of five years applicable to actions on written contracts, contained in 12 O.S.1961, § 95 (if that statute applied to it). The trial court erred in rendering judgment for the defendant and in denying the plaintiff's motion for a new trial.

The plaintiff asks this court to reverse the judgment of the trial court and to enter judgment on the pleadings in favor of the plaintiff. In this connection, we note that the plaintiff prayed for a reasonable attorney fee to be taxed as costs; that the defendant, in its answer, alleged that the plaintiff was not entitled to an attorney fee because it was not provided for in the bond sued on; and that the plaintiff, in its reply, alleged that the amount sued for was incurred on open account (an allegation also contained in its petition) and, under the law, was entitled to a reasonable attorney fee to be assessed against the defendant. Thus, although the plaintiff ignored that issue in its motion for judgment on the pleadings, it was presented by the pleadings, and, because of rendering judgment on the pleadings for the defendant, the trial court did not, in fact, pass upon that issue. Consequently, we will not,

herein, pass upon that issue, but leave it for determination by the trial court.

The trial court's decision and judgment in favor of the defendant are vacated and the cause remanded with directions to grant a new trial for the purpose of determining the issue concerning the assessment of an attorney fee against the defendant as a part of the costs of the action and rendering judgment in favor of the plaintiff and against the defendant in the principal amount of $783.62, with proper interest on such amount, and the costs of the action.

All of the Justices concur.