Willie A. HART, Appellant,

v.

James A. BRIDGES, Appellee.

No. 49999.

Supreme Court of Oklahoma.

Feb. 27, 1979.

Rehearing Denied March 26, 1979.

Sidney A. Musser, Jr., Abel, Musser, Sokolosky & Kernan, Oklahoma City, for appellant.

Procter, Fleming & Speck by Charles J. Watts, Oklahoma City, for appellee.

DOOLIN, Justice:

Plaintiff filed this personal injury action on July 14, 1975, exactly two years after he was involved in an automobile accident. Summons was issued on the same day. The sheriff returned the summons not found on October 14, 1975. After several alias summons were issued, service was obtained on November 29, 1975. Trial court sustained defendant's demurrer to petition based on running of the statute of limitations. Plaintiff asked for permission to amend to allege estoppel on part of defendant and its effect on the statute of limitations. Plaintiff claims defendant's insurer admitted liability and promised to pay his claim, thus delaying his prosecution of the suit. The trial court denied his request to amend and dismissed the suit. Plaintiff appealed; Court of Appeals affirmed; this court granted certiorari.

Defendant's demurrer and his argument in defense of trial court's order on appeal is premised on 12 O.S.1971 § 97 which provides in pertinent part:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him * * *. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; *but such attempt must be followed by the first publication or service of the summons,* or if service is sought to be procured by mailing, by a receipt of certified mail containing summons, *within sixty (60) days.*" (Emphasis supplied).

Defendant argues although suit was timely filed within two years after the accident, service was not had within sixty days as necessitated by this statute. Plaintiff counters by stressing he has an absolute right to amend his petition to oppose statute of limitation argument.

Under 12 O.S.1971 § 318 if a demurrer is sustained the adverse party may amend if the defect can be remedied. A trial court's judgment will be reversed where it rejects an amendment to the pleadings which, taken in connection with

the entire record, shows justice might be defeated without its consideration.[1] Ordinarily the right of a plaintiff to amend before answer is an absolute one and upon such amendment he may plead an additional cause of action relating to the same subject matter.[2]

In this case plaintiff's suit was timely filed. At the time of the original filing there was no reason or necessity for him to allege estoppel. Thus allegations of estoppel were not included in his petition. Plaintiff emphasizes defendant's representative continually admitted liability to plaintiff's attorney after, as well as before the action was filed. His amendment will allege defendant's insurance carrier promised it would pay plaintiff's claim as soon as his damages were determined.

These allegations properly pleaded would be sufficient to raise a fact question as to whether promises to settle by insurer estop defendant from taking advantage of the statute of limitations.[3] Mere negotiations of course do not make out a case for estoppel. Plaintiff must show he relied on the settlement negotiations and that such reliance was reasonable under the facts of this case, thus inducing him to delay filing suit. One cannot equitably lull an adversary into a false sense of security, thereby subjecting his claim to the bar of limitations and then be heard to plead that very delay as a defense to the action.[4] Further, where negotiations are conducted by an agent of the defendant, including a representative of defendant's insurer, negotiations and conduct of the agent are binding on defendant.[5]

We hold plaintiff should be permitted to amend his petition to allege an estoppel of defendant to plead the statute of limitations and it was error for trial court to refuse his request. It is immaterial that plaintiff's suit was timely filed bringing sixty day period of § 97 into operation. As applied to a statute of limitations, the concept of equitable estoppel is wholly independent of the limitations period itself. It operates directly on the defendant and may apply no matter how unequivocally the period is expressed. It is not necessary to prove defendant intentionally misled plaintiff or even intended by his conduct to induce delay.[6]

If defendant promised settlement or avoided service in a manner that would estop his plea, plaintiff has a right to make this a part of his cause of action by amending his petition.

**REVERSED AND REMANDED WITH DIRECTIONS TO PERMIT PLAINTIFF TO AMEND HIS PETITION.**

IRWIN, V. C. J. and WILLIAMS, HODGES, SIMMS, HARGRAVE and OPALA, JJ., concur.

LAVENDER, C. J. and BARNES, J., dissent.

1. See *Maben v. Norvell,* 328 P.2d 425 (Okl. 1958).

2. *Hocker v. Rackley,* 90 Okl. 83, 216 P. 151 (1923).

3. *Hayes v. Gessner,* 315 Mass. 366, 52 N.E.2d 968 (1944); *Peters v. Public Service Corp.,* 132 N.J.Eq. 500, 29 A.2d 189, aff'd 133 N.J.Eq. 283, 31 A.2d 809 (1942); *Lyden v. Goldberg,* 260 Or. 301, 490 P.2d 181 (1971); *Kilburn v. Keenan,* 27 Conn.Sup. 394, 240 A.2d 213 (1967); *McLaughlin v. Blake,* 120 Vt. 174, 136 A.2d 492 (1957); *Chandlee v. Shockley,* 219 Md. 493, 150 A.2d 438 (1959). In accord in Oklahoma but not involving similar facts; see *Phillips Petroleum Company v. United States Fidelity & Guaranty Company,* 442 P.2d 303 (Okl.1968); *Barnsdall Oil Co. v. Ricks,* 175 Okl. 478, 53 P.2d 210 (1936); *Magnolia Petroleum Co. v. Houston,* 156 Okl. 152, 9 P.2d 915 (1932); *Empire Gas & Fuel Co. v. Lindersmith,* 131 Okl. 183, 268 P. 218 (1928).

4. See *North v. Culmer,* 193 So.2d 701 (Fla.App. 1967).

5. See generally Settlement Negotiations as Estopping Reliance on Statute of Limitation, 39 A.L.R.3d 127.

6. *Bomba v. W. L. Belvidere, Inc.,* 579 F.2d 1067 (7th Cir. 1978).