[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 21, 1995, the plaintiff, Irving Sussman, the Libertarian candidate for the Fourth Congressional District, filed a Second Revised Complaint against Christopher Shays, Sussman's incumbent opponent; Frank Esposito, the Mayor of the City of Norwalk; and John Doe, an unknown defendant. Esposito filed a motion for summary judgment on June 6, 1995, a memorandum of law in support of his motion, and affidavits and deposition excerpts. Sussman filed an objection to the motion for summary judgment, a memorandum of law and deposition excerpts. Sussman's complaint alleges that just before the November 1994 election Esposito ordered the removal of Sussman's campaign signs from two locations on private property in Norwalk, and the other defendants removed a sign in Stamford. Sussman alleges a conspiracy, civil rights violations, violations of the Constitution of Connecticut, ArticleI, Sections four, five, seven, eight, eleven and twenty and violations of the U.S. Constitution, Amendments I, IV, V, and XIV.
Sussman filed a Third Amended Complaint dated June 16, 1995 which makes essentially the same allegations as the Second Revised Complaint. Therefore, the court will consider the motion as to the Third Amended complaint.
"The standard of review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book § 384 provides that summary judgment shall be rendered forthwith if CT Page 14432 the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Barrett v. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748
(1995).
Esposito argues that in order to prevail in his claims, Sussman must show that the signs were located on private property and that Esposito ordered their removal. According to Esposito, his affidavits show that he did not order the removal of signs from private property. Esposito also asserts that the conspiracy claim has no basis.
Sussman argues that only two allegations are required to state a claim under 42 U.S.C. § 1983: that some person has deprived him of a federal right and that the person was acting under color of state law. Sussman asks the court to draw inferences from the fact that the signs disappeared during the night at the same time in two separate towns.
Esposito included evidence in the form of affidavits and deposition excerpts to his memorandum of law. Sussman argues that the deposition excerpts are not certified and therefore cannot be considered by this court. "Uncertified copies of excerpts of deposition transcripts are not admissible as evidence" and therefore cannot be considered in a motion for summary judgment.Oberdick v. Allendale, 9 Conn. L. Rptr. 607, 608 (1993). Accordingly, the court may not consider the depositions either in the defendant's memorandum of law or attached thereto.
Esposito also included affidavits from the following: himself; Dominick M. Di Gangi, the Director of the Department of Public Works for the City of Norwalk; Martin Overton, Assistant Director of Transportation Services for the Department of Public Works for the City of Norwalk; Thomas Kelly, Superintendent of Maintenance for the Department of Public Works for the City of Norwalk; defendant Christopher Shays; and Albert Sarosi, employee of the Norwalk Department of Public Works. Each of the affidavits states that Esposito did not order the removal of campaign signs from private property, but that Esposito did order all political signs removed from public property. Esposito states in his affidavit that he did not conspire with Congressman Shays to remove the signs. Shays' affidavit states that he did not remove or CT Page 14433 interfere with the campaign signs. Sarosi's affidavit states he was the foreman of a Department of Public Works crew that was assigned to remove signs from public property in November, 1994. He testifies that his crew removed all political signs from public property, but did not remove signs from private property.
Sussman attached deposition testimony to his memorandum in opposition. The deposition testimony is likewise not certified and the court therefore cannot consider the testimony. "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d (1984). An assertion in defendant's affidavit, not disputed by plaintiff by counteraffidavit or other evidence, permits "the inference that the plaintiff could not in good conscience refute it." Kilburn v.Keenan, 27 Conn. Sup. 394, 395, 240 A.2d 213 (1967).
Sussman does not put in issue the facts supplied by Esposito, that Esposito did not order, nor did the Department of Public Works receive an order, to remove signs from private property. Without any evidence, counteraffidavit or otherwise, there is no genuine issue as to whether Esposito ordered the removal of signs or conspired with Shays to remove signs. Sussman's argument, that he has stated a cause of action because he need only make two allegations, may be true, but in a motion for summary judgment, the nonmovant must do more than state a cause of action — he must put material facts in issue.
Accordingly, Esposito's motion for summary judgment is granted.
Esposito, in his memorandum of law, asks for attorney's fees. He claims that because the case was brought in part pursuant to42 U.S.C.A. § 1983, he is entitled to attorney's fees as the prevailing party under 42 U.S.C.A. § 1988. Section 1988 of Title 42 provides in pertinent part, "in any action or proceeding to enforce a provision of [section] . . . 1983 the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C.A. § 1988. "Though the primary purpose of this provision is to provide plaintiffs with the incentive to sue to protect their civil rights . . . in certain circumstances, a prevailing defendant may recover attorney's fees. CT Page 14434 `A plaintiff should not be assessed his opponent's attorney's fees unless the court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" (Internal citations omitted; internal quotation marks omitted.) Faith Center. Inc. v. Hartford,192 Conn. 434, 438, 472 A.2d 16 (1984). "Concerned about the potential chilling effect on Section 1983 plaintiffs . . . we are hesitant to award attorney's fees to victorious defendants in Section 1983 actions." Rounseville v. Zahl, 13 F.3d 625, 632 (2nd Cir. 1994) (reversing award of attorney's fees based on finding that there was some circumstantial evidence).
Accordingly, because there was some circumstantial evidence to support the plaintiff's suit, the suit is not so unreasonable as to warrant an award of attorney's fees. The request for attorney's fees is denied.
RICHARD J. TOBIN, JUDGE.