[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Defendant moves for summary judgment in this personal injury action involving an accident which occurred on September 4, 1993, claiming that the two year statute of limitations (Conn. Gen. Stats. § 52-584) expired before the action was commenced in December, 1995.
Plaintiff claims the Defendant is estopped from asserting the statute of limitations bar because there was an oral agreement to waive the statute between an adjustor for Allstate, defendant's insurance company and the Plaintiff's attorney so that the claim could be "resolved." Plaintiff has filed a supporting affidavit made by his attorney.
Summary judgment may be granted where the claim is barred by the statute of limitations. Doty v. Mucci,238 Conn. 800, 806 (1996).
A number of federal district court case have dealt with the question of equitable estoppel in statute of limitations situations. In Knowles v. Postmaster General, 656 F. Sup. 593
(D. Conn. 1987) the court stated:
"Equitable estoppel is invoked in cases where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay bringing his lawsuit. This doctrine is applicable where the defendant has either misrepresented the length of the limitations CT Page 6425 period or lulled the plaintiff into believing that it was not necessary for him to commence litigation." Moreover, "under Connecticut law, application of the doctrine of equitable estoppel is restricted to conduct or representations which were `directed to the very point of obtaining the delay, of which [the party to be estopped] afterward seeks to take advantage by pleading the statute.'"Bealle v. Nyden's, Incorporated, 245 F. Sup. 86, 94
(D. Conn. 1965), quoting Lippit v. Ashley, 89 Conn. 451, 480
(1915).
In cases factually similar to the present case, the defendant's motion for summary judgment has been granted as a matter of law in the federal courts. In Shinabarger v.United Aircraft Corp., 262 F. Sup. 52, (D. Conn. 1966), the plaintiff brought a cause of action in negligence against United Aircraft and its liability insurer, Liberty Mutual. The plaintiff sought to estop United Aircraft's raising of the statute of limitations based on the plaintiff's reliance on negotiations and statements made by Liberty Mutual or its agent. The court granted United Aircraft's motion for summary judgment, holding that "no ordinarily prudent attorney would rely reasonably on the representations made by Liberty Mutual as indicating the insurer intended to waive the one year statute of limitations applicable to plaintiff's negligence claim." In Bealle v. Nyden's,Incorporated, supra, 245 F. Sup. 86, 95 a motion for summary judgment was granted, the court holding that negotiations with an insurance adjuster and an agreement with the adjuster to waive the statute of limitations "cannot reasonably be relied upon by an attorney experienced in negligence work . . ."). See also Wingfield v. UnitedTechnologies Corp., 678 F. Sup. 973 (D. Conn. 1988) (holding that an employer's promise not to demote an employee is not enough to estop the defendant from raising a statute of limitations defense against the employee's age discrimination claim).
There is language in some of these decisions indicating that the result may be different if the agreement to waive the statute of limitations is made between the insurance agent/adjuster and the plaintiff individually, without the assistance of the plaintiff's counsel. See Bealle v.Nyden's Incorporated, supra, 245 F. Sup. 86, 95. InKilburn v. Keenan, 27 Conn. Sup. 394, 397 (Super.Ct. 1967) CT Page 6426 the court denied the motion for summary judgment because of questions of fact as to the insurance adjuster's misrepresentations and the plaintiff's detrimental reliance, including not seeking advice from an attorney. But in Krupav. Kelley, 5 Conn. Cir. 127 (1968) the Appellate Division of the Connecticut Circuit Court found no error in the judgment for the defendants, stating that the plaintiff should have consulted a lawyer, and explaining that the insurer had no duty to inform the plaintiff about the applicable limitations period. In Carroll v. Safeco Insurance,
Superior Court, judicial district of Waterbury, Docket No. 117750 (April 5, 1994, Sullivan, W., J.) the defendant's motion for summary judgment was granted because "the plaintiff has neither alleged nor shown any facts that the defendant misrepresented or mislead her about the statute of limitations."
In the present case, the alleged oral agreement to waive the statute of limitations was made between an insurance company agent and the plaintiffs' attorney, not between the plaintiffs individually, without counsel, and the insurance agent.
Defendant's Motion for Summary Judgment is granted.
Jerry Wagner Trial Judge Referee