[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT OF THEDEFENDANTS NO. 117
The plaintiff, James McMurray, filed a five-count amended complaint on October 28, 1996, naming Alex. Brown Sons, Inc. as defendant.[1] The plaintiff alleges that in February of 1987, he opened several brokerage accounts with the defendant, an investment banking and brokerage firm located in Greenwich, Connecticut. The plaintiff alleges that when he opened these accounts, he gave the defendant special instructions concerning how to handle the accounts, but that the defendant ignored the plaintiff's special instructions almost immediately. The plaintiff, in a letter dated February 3, 1988, instructed the defendant that no securities activities were to occur in his accounts without prior notification to, and approval of, the plaintiff. The plaintiff sent another such letter on February 10, 1993, after his instructions were again ignored, and on March 23, 1993 the plaintiff sent a letter to the defendant notifying the defendant of the violation of his instructions and the loss that was occurring as a result. The plaintiff has brought suit for breach of contract, negligence, and breach of fiduciary duty.
On June 9, 1997, the defendant filed a motion for summary judgment as to all of the plaintiff's claims, arguing that each was barred by the applicable statute of limitations. The plaintiff filed an objection to the motion for summary judgment on July 7, 1997, arguing that the defendant was equitably CT Page 9305 estopped from asserting the running of the applicable statutes of limitation as a defense.[2] The defendant filed a reply memorandum on July 7, 1997.
DISCUSSION
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . ." (Internal quotation marks omitted.) Id. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Id., 805-06. "Summary judgment may be granted where the claim is barred by the statute of limitations."Id., 806.
The plaintiff argues that the defendant is estopped from asserting the defense of statute of limitations as to each of the counts in the revised complaint. The defendant argues that it is not estopped from asserting the defense of the tolling of the statute of limitations, because the plaintiff has not alleged facts which show that the defendant mislead the plaintiff into believing that it would not enforce its rights under the applicable statutes of limitations. The defendant further argues that even if the plaintiff had alleged such misleading conduct on the part of the defendant, the plaintiff could not have reasonably relied on such conduct.
"[E]stoppel always requires proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." Boyce v. AllstateInsurance, 236 Conn. 375, 385, 673 A.2d 77 (1996). The principle of equitable estoppel is ordinarily "invoked in cases where the CT Page 9306 defendant misrepresented the length of the limitations period or in some way lulled the plaintiff into believing that it was not necessary for him to commence litigation." Cerbone v.International Ladies' Garment Workers' Union, 768 F.2d 45, 50 (2d Cir. 1985). See also Gallop v. Commercial planting Co.,42 Conn. Sup. 187, 195, 612 A.2d 826 (1992).
A genuine issues of material fact exist concerning whether the defendant is equitably estopped from asserting the defense of statute of limitations as to each count because the defendant lulled the plaintiff into believing that he did not need to commence litigation. The plaintiff alleges in the amended complaint that the defendant agreed to reimburse the plaintiff's trading losses; that the plaintiff trusted the defendant; and that the defendant attempted to reimburse the plaintiff for his losses by extending to him advance trading information, initial public offerings, and advance trading opportunities. (Amended Complaint, Count Two ¶ 11; Count Four ¶ 14: Count Five ¶ 16). The plaintiff argues that he had the right to rely on the representations made by the defendant from 1987 through 1994 that it would make up the plaintiff's losses through initial public offerings (IPOs). The plaintiff attests that he did rely on these representations, to his detriment. (Affidavit of James McMurray In Opposition To The Defendant's Motion For Summary Judgment, ¶¶ 15, 16, 17). The plaintiff has testified that he does not know whether anyone from the defendant knowingly told the plaintiff something that was not true. (Affidavit of John Snyder In Support of Motion For Summary Judgment, Deposition, James McMurray, February 11, 1997). The plaintiff prepared a summary of events between the parties which-shows that Smeriglio told the plaintiff as late as November 24, 1994 that the plaintiff's losses would be made up through IPOs. (Affidavit of John Snyder In Support of Motion For Summary Judgment, Exhibit 3). The plaintiff has also supplied a summary of the IPOs offered by the defendant, the last of which occurred in September 27, 1994.
Whether there was an estoppel depends on the resolution of questions of fact going to whether the defendant, by offering IPOs, intended to induce the plaintiff to believe the present lawsuit was unnecessary, and whether the plaintiff's reliance on the defendant's representations and promises was reasonable. To answer these questions requires the resolution of questions of fact. See Kilburn v. Keenan, 27 Conn. Sup. 394, 397, 240 A.2d 213
(1967) (in spite of excellent memorandum supplied by defendant's CT Page 9307 counsel, question of whether defendant had lulled plaintiff into sense of security relative to future settlement required a probing of the mind, and was not answerable by a cold affidavit; it raised questions of fact for the trier).
CONCLUSION
Therefore the defendant's motion for summary judgment is denied.
DAVID W. SKOLNICK, JUDGE.