OSCN Found Document:VANGUARD BUILDERS, INC. v. GRANITE RE, INC.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 VANGUARD BUILDERS, INC. v. GRANITE RE, INC.
2015 OK CIV APP 35
348 P.3d 1093
Case Number: 112507
Decided: 11/25/2014
Mandate Issued: 04/15/2015
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2015 OK CIV APP 35, 348 P.3d 1093

 

VANGUARD BUILDERS, INC., an Oklahoma corporation, 
Plaintiff/Appellant,
v.
GRANITE RE, INC., Defendant/Appellee,
and
L. 
WALLACE CONSTRUCTION COMPANY, INC., an Oklahoma corporation; TRILOGY DEVELOPMENT 
GROUP, INC., an Oklahoma corporation; LARRY WALLACE, an individual; L. ADAM 
WALLACE, an individual; and JOHN DOES 1 through 5, Defendants.

APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY, 
OKLAHOMA
HONORABLE LORI M. WALKLEY, TRIAL JUDGE

VACATED AND REMANDED

Steven K. Metcalf, William H. Spitler, McDONALD, McCANN, METCALF & 
CARWILE, L.L.P., Tulsa, Oklahoma, for Plaintiff/Appellant
Evan B. Gatewood, 
HAYES MAGRINI & GATEWOOD, Oklahoma City, Oklahoma, for 
Defendant/Appellee


P. THOMAS THORNBRUGH, JUDGE:
¶1 Vanguard Builders, Inc. (Vanguard), appeals a summary judgment in favor of 
Granite Re, Inc. (Granite), decided on the grounds that Vanguard did not file 
suit within the applicable limitations period to recover on a statutory bond 
made pursuant to 61 O.S.2011 §§ 1 
and 2. We vacate the summary judgment for the reasons set forth below, and 
remand for further proceedings.
BACKGROUND
¶2 This appeal comes to us pursuant to 12 O.S.2011 § 994, from a summary 
judgment made early in the underlying case. As a result, many of the facts which 
are recited for background are disputed. For the purposes of this opinion, we 
recite the disputed facts as alleged by Vanguard without commenting on any final 
disposition of these facts. 
¶3 Vanguard is a metal building, roofing, and siding contractor. In February 
2011, Vanguard entered into a contract with the L. Wallace Construction Company, 
Inc., and Trilogy Development Group, Inc. (LWCC/Trilogy),[1] to perform part of the 
construction of a gymnasium at Wilson Public Schools (School) in Wilson, 
Oklahoma. Trilogy was the main contractor, and Vanguard was a subcontractor. 
Pursuant to 61 O.S.2011 §§ 1 and 
2 (Bonding Statute), Trilogy obtained the required statutory bond (Bond) from 
Granite as surety, to cover any payments due to subcontractors if the main 
contractor defaulted. Trilogy paid Vanguard regular progress payments, but 
withheld a 10% "retainage." The total of the withheld payments was $37,600.
¶4 Vanguard completed its portion of the work on January 20, 2012, and 
invoiced LWCC for the remaining $37,600 as final payment. LWCC replied that it 
was not required to make a final payment to Vanguard until final payment by 
School, which was due only on "substantial completion" of the project. LWCC told 
Vanguard that School had not yet made this payment. Vanguard checked 
periodically with LWCC in the following months, but received a similar 
response.
¶5 On October 1, 2012, after LWCC had again asserted that School had not 
paid, Vanguard inquired of School concerning the delay in payment. School 
informed Vanguard that all sums due to Trilogy had been paid. Vanguard later 
learned that Trilogy had received a final payment from School some four months 
earlier, on May 31, 2012.
¶6 On October 3, 2012, Vanguard notified Granite that LWCC had defaulted, and 
demanded payment of the $37,600 as a final payment pursuant to the Bond. Granite 
contacted Trilogy regarding the default. Trilogy replied that it disputed the 
claim for return of the $37,600 retainage because Vanguard had "gone over its 
allotted time" during several phases of construction. Later, Trilogy apparently 
informed Granite that it did not have to pay Vanguard because Vanguard was 
liable for a "charge back" due to alleged damage to School's gymnasium 
floor.
¶7 Eleven weeks after notification, the dispute as to whether Trilogy was 
required to make the payment to Vanguard still had not been resolved. Vanguard 
states that, during this period, Granite represented that it would eventually 
pay, but that it could not do so until Trilogy determined the final amount owed 
to Vanguard. However, on February 4, 2013, one year and fifteen days after 
Vanguard last performed work at School, Granite denied the claim on the 
Bond.
¶8 On March 21, 2013, Vanguard filed suit against the Defendants. Vanguard's 
petition included a claim against Granite for payment of the $37,600, plus 
interest. On July 12, 2013, Granite filed a motion for summary judgment, 
alleging that Vanguard had failed to file suit to recover on the Bond within the 
one-year statute of limitation provided by the Bonding Statute. The district 
court granted Granite's motion. Vanguard appeals.
STANDARD OF REVIEW
¶9 "A moving party is entitled to summary judgment as a matter of law when 
the pleadings, affidavits, depositions, admission or other evidentiary materials 
establish that no genuine issue of material fact exists." Smith v. City of 
Stillwater, 2014 OK 42, ¶ 
21, 328 P.3d 1192 (citing 
Miller v. David Grace, Inc., 2009 OK 49, ¶ 10, 212 P.3d 1223; and Davis v. 
Leitner, 1989 OK 146, ¶ 9, 782 P.2d 924). "In reviewing the 
grant or denial of summary judgment, this Court views all inferences and 
conclusions to be drawn from the evidentiary materials in a light most favorable 
to the nonmoving party." Id. "Because a grant of summary judgment is 
purely a legal issue, this Court's standard of review on appeal is de 
novo." Id.
ANALYSIS
I. THE BONDING STATUTE
A. Statutory Text and Purpose
¶10 The statutory language in question is found in 61 O.S.2011 § 2(A),which states in 
relevant part:
Any person to whom there is due any sum for labor, material or repair to 
machinery or equipment, furnished as stated in Section 1 of this title, the 
heirs or assigns of such person, may bring an action on the bond for the 
recovery of the indebtedness, provided that no action shall be brought on the 
bond after one (1) year from the day on which the last of the labor was 
performed or material or parts furnished for which the claim is made.
This language originates in R.L.1910, §§ 3881 and 3882. At that time,
§ 3882 provided that:

 
 . . . no action shall be brought on said bond after six months from the 
 completion of said public improvements or public 
buildings.
In 1965, the Legislature amended the Bonding Statute, changing the 
limitations period from six months to one year. In 1968, the Legislature again 
amended the statute, changing the occurrence that triggered the running of the 
limitation period from the "completion of the building" to "the day on which the 
last of the labor was performed . . . for which such claim is made." 1968 Okla. 
Sess. Laws. ch.77 § 2.
¶11 In Boren v. Thompson & Associates, 2000 OK 3, ¶ 16, 999 P.2d 438, the Oklahoma Supreme 
Court identified two "fundamental objective[s]" of the Bonding Statute: the 
first is "protecting laborers and materialmen on public construction projects 
who have no lien rights against public land or improvements"; the second is 
"saving the public from all liability for liens for material and labor furnished 
on public improvements." Id.
B. Vanguard's Arguments and the Statutory Text
¶12 Vanguard brings two arguments. The first is that the right to call on the 
Bond did not accrue until the amount due was finally decided, and the limitation 
period thus did not begin to run until the right to payment was determined. The 
second is that Vanguard's right to payment did not accrue until the project was 
"substantially complete," i.e., at the time payment was made by School on May 
31, 2012; hence, Vanguard had one year from that date to file suit.
¶13 Both of these arguments appear to fail, since neither the date the 
payment was due, nor the date of substantial completion, trigger the running of 
the limitation period. Although an accrued right to payment is a prerequisite 
for suit pursuant to § 2 ("Any person to whom there is due any sum"), the 
limitation period of § 2 is not triggered by the accrual of a right to payment 
but by the expiration of the "day on which the last of the labor was performed 
or material or parts furnished for which the claim is made." The language of the 
statute, without further inquiry, appears to show a statute of repose. A 
statute of repose "restricts potential liability by limiting the time during 
which a cause of action can arise," and may bar a cause of action before it 
accrues. Smith v. Westinghouse Elec. Corp., 1987 OK 3, n.11, 732 P.2d 466.[2]
C. Historical Supreme Court Interpretation of the Bonding 
Statute
¶14 Further inquiry regarding the period in which a claim against the Bond 
may be filed reveals that, in Phillips Petroleum Co. v. U. S. Fidelity & 
Guaranty Co., 1968 OK 23, ¶ 
15, 442 P.2d 303, the Oklahoma 
Supreme Court held:

 
 [T]he limitation provision for bringing the action referred to in 61 O.S.1961,§§ 1 and 2, is 
 subject to waiver and estoppel where the necessary facts are established 
 as in other instances of the application of waiver and estoppel to a statute 
 of limitation. (Emphasis added.)
Phillips Petroleum was decided in February 1968, and was based on the 
1961 version of the Bonding Statute. The Legislature amended § 2 in 1965 to 
expand the limitation period to one year. Further, two months after Phillips 
Petroleum was decided, yet another version of the statute became effective, 
changing the triggering event from "completion of said public improvements or 
public buildings" to "the day on which the last of the labor was performed" as 
noted above.
¶15 In 1970, the Supreme Court again commented on the limitation period 
of
§ 2, in Gasteam Radiator Co. v. U. S. Fidelity & Guaranty Co., 1970 OK 121, 471 P.2d 883, and appeared to 
reaffirm that a claim of immunity from recovery pursuant to the limitation 
period was subject to claims of waiver and estoppel. However, we note that, 
similarly, Gasteam Radiator did not interpret the current statutory 
language regarding the triggering occurrence.[3] Like Phillips Petroleum, it did 
not discuss the effects of the 1968 change from the limitation being triggered 
by "completion of said . . . buildings" to "the day on which the last of the 
labor was performed" for which the claim is made. The Supreme Court has not 
cited Gasteam for this principle since that opinion was issued.
¶16 In 1987, the Supreme Court cited Phillips Petroleum in a footnote 
to Whitley v. Oologah Independent School District No. I-4, 1987 OK 67, n.4, 741 P.2d 455 (Opala, J., 
concurring). It did so again in a footnote to Trent By & Through Trent v. 
Board of County Commissioners, 1988 OK 15, n.9, 755 P.2d 615 (Opala, J., and Kauger, 
J., dissenting), and in a footnote to Hart v. Bridges, 1979 OK 31, n.3, 591 P.2d 1172. These citations, 
however, appear to raise the general principle of estoppel being applied to a 
statute of limitations, rather than to a post-1968 affirmance of the Phillips 
Petroleum interpretation of the limitation period of § 2. Overall, we find 
the rule of Phillips Petroleum clear, but find no binding precedent 
indicating that its interpretation of § 2 applies to the current version of the 
Bonding Statute.
II. IS PHILLIPS PETROLEUM STILL GOOD LAW?
¶17 It is a general principle of statutory construction that "[w]hen amending 
a statute the legislature is presumed familiar with the extant judicial 
construction then in force." TXO Prod. Corp. v. Oklahoma Corp. Comm'n, 1992 OK 39, ¶ 10, 829 P.2d 964. See also 
Huff v. State, 1988 OK 
118, ¶ 4, 764 P.2d 183; 
Lekan v. P & L Fire Protection Co., 1980 OK 56, ¶ 4, 609 P.2d 1289. Compared to the 
current statute, the 1961 statute construed in Phillips Petroleum had 
both a shortened limitation period (six months versus one year) and a different 
trigger for the running of the limitation period ("completion of said . . . 
buildings" versus "the day on which the last of the labor was performed . . . 
for which the claim is made.") We find, however, no structural difference 
between the 1961 statute and the current statute that would indicate any intent 
of the Legislature to undo the holding of Phillips Petroleum. Further, 
the Legislature has amended 61 O.S. § 
2 three times since the Phillips Petroleum opinion was published. We 
find no indication that the Legislature, although aware of the rule of 
Phillips Petroleum, intended to overturn that rule by subsequent 
statutory amendments. We therefore hold that Phillips Petroleum is still 
good law, and its rule that "the limitation provision for bringing the action 
referred to in 61 O.S.[] §§ 1 and 
2, is subject to waiver and estoppel where the necessary facts are established 
as in other instances of the application of waiver and estoppel to a statute of 
limitation" controls in this case.
III. WAIVER AND ESTOPPEL
¶18 The factual record in this case is very limited, and many significant 
questions remain unanswered. Vanguard's right to payment or any amount due is 
not yet established, nor is LWCC's exact status as the main contractor. However, 
Vanguard alleged that it attempted to call on the Bond well within the 
limitation period; that it waited a substantial period before calling on the 
Bond because of misrepresentation by LWCC; that it relied on assurances by 
Granite that payment was merely delayed by questions as to the amount of a 
chargeback or a delay penalty; and that Trilogy and Granite delayed decision by 
eleven weeks before deciding, immediately after the limitation period expired, 
that Vanguard was owed no money. We note that the bonding contract required this 
decision be made "[w]ithin a reasonable period of time."[4] These disputed facts alone 
could support a waiver or estoppel argument.
¶19 We also return to the clear policy stated in Boren of "protecting 
laborers and materialmen on public construction projects who have no lien rights 
against public land or improvements." Modern construction contracts such as the 
contract in this case may inherently involve both long delays before "final 
payment," and complex disputes as to the final amount due. It is entirely 
possible that "final payment" may not be determined and due for more than 
a year after the last day of work. Allegedly, the main contractor in this case 
concealed the fact of payment by School, and failed to inform Vanguard that it 
disputed Vanguard's right to a final payment. It raised a defense to payment 
only when demand was made on the Bond. The bonding company then failed to 
admit or deny liability on the Bond for more than eleven weeks, until the 
statute of limitations had run.[5] If these allegations are true, the stated purpose of 
the statute appears ill-served by denying recovery on the Bond.[6]
CONCLUSION
¶20 We find the grant of summary judgment in favor of Granite on the basis of 
the statute of limitations was improvidently made at this time. We therefore 
vacate it, and remand this matter to the district court.

¶21 VACATED AND REMANDED.

RAPP, J., concurs, and FISCHER, P.J., dissents.


FISCHER, P.J., dissenting:
¶1 In my view, the amendments to 61 O.S. § 2 discussed by the 
Majority were made to conform the statute with other lien statutes. In my view, 
section 2 is still "an ordinary statute of limitation, not an extinguishment 
provision of the rights, liabilities and cause of action referred to in 61 O.S. 1961 §§ 1 and 2." 
Phillips Petroleum Co. v. U.S. Fid. & Guar. Co., 1968 OK 23, ¶ 0, 442 P.2d 303, 304 (Syllabus 1). 
Accepting as true Vanguard's argument that it was a direct subcontractor, it is 
undisputed that Vanguard did not file suit against Granite within the one-year 
limitation period required by section 2(A). Further, in its response to 
Granite's motion for summary judgment, Vanguard only asserted that its delay in 
filing this case resulted from its reliance on misleading statements by the 
contractor and its employee. Any suit on the bond not filed within the one-year 
limitation period is barred "unless the acts or conduct of the surety against 
whom the judgment is sought operates to estop such surety from pleading the 
limitation." Id. ¶ 0, 442 P.2d at 304 (Syllabus 2). No such "acts or 
conduct" of Granite are asserted by Vanguard. I would affirm the judgment of the 
district court and, therefore, respectfully dissent.

FOOTNOTES

[1] The 
exact relationship between Trilogy and LWCC is disputed. For the purposes of 
this opinion only, they are considered to be the same entity.

[2] 
Pursuant to the contract in this case, it appears possible that a right to 
payment might not accrue until the limitation period on the bond has already 
passed; i.e., by the time final payment was actually due, it could already 
be too late to call on the Bond. Such a result does not apparently comport with 
the public policy behind the Bonding Statute as stated in Boren, in that 
it clearly does not serve to "protect laborers and materialmen on public 
construction projects" who lack normal lien rights to protect their 
recovery.

[3] 
Gasteam interpreted the 1965 statute, and revolved around the question of 
whether the 1965 extension of the limitation period from six months to one year 
applied to contracts that were in effect when the limitation period 
changed.

[4] Granite 
MSJ Exhibit B para 5.

[5] We note 
that an apparent conflict of interest arises because it is the bonding 
company that investigates and determines when payment is due, and an 
extended investigation that may postpone a decision until it is too late to 
collect on the bond is thus in the bonding company's interest.

[6] The law 
may require that a subcontractor who has not been paid must both make 
demand on the bond, and sue the bonding company if the matter is not 
resolved when the statute of limitations approaches, even though the right to 
payment is not yet established, and the bonding company has not yet refused 
payment. However, requiring suit against the bond before payment is refused 
appears contrary to the evident purpose of the Bonding Statute to protect 
subcontractors and encourage participation in public projects by attempting to 
guarantee payment without the need for suit.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 3, 732 P.2d 466, 58 OBJ 68, Smith v. Westinghouse Elec. Corp.
Discussed
 1987 OK 67, 741 P.2d 455, 58 OBJ 2216, Whitley v. Oologah Independent School Dist. No. I-4 of Rogers County
Discussed
 1988 OK 15, 755 P.2d 615, 59 OBJ 1715, Trent By and Through Trent v. Board of County Com'rs of Johnston County
Discussed
 1988 OK 118, 764 P.2d 183, 59 OBJ 2931, Huff v. State
Discussed
 1989 OK 146, 782 P.2d 924, 60 OBJ 2833, Davis v. Leitner
Discussed
 1992 OK 39, 829 P.2d 964, 63 OBJ 942, TXO Production Corp. v. Oklahoma Corp. Com'n
Discussed
 1968 OK 23, 442 P.2d 303, PHILLIPS PETROLEUM CO. v. U.S. FIDEL. & G. CO.
Discussed at Length
 1970 OK 121, 471 P.2d 883, GASTEAM RADIATOR CO. v. UNITED STATES F. & G. CO.
Discussed
 2009 OK 49, 212 P.3d 1223, MILLER v. DAVID GRACE, INC.
Discussed
 2014 OK 42, 328 P.3d 1192, SMITH v. CITY OF STILLWATER
Discussed
 1980 OK 56, 609 P.2d 1289, Lekan v. P & L Fire Protection Co.
Discussed
 1979 OK 31, 591 P.2d 1172, HART v. BRIDGES
Discussed
 2000 OK 3, 999 P.2d 438, 71 OBJ 121, Boren v. Thompson & Associates
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 994, Procedure When There is More Than One Claim or Party - Final Judgment
Cited
Title 61. Public Buildings and Public Works
 Cite
Name
Level

 61 O.S. 1, Contracts Exceeding Certain Amount - Bond - Irrevocable Letter of Credit - Affidavit of Payment
Discussed at Length
 61 O.S. 2, Filing of Bond - Action on Bond - Subcontractors
Discussed at Length