923 A.2d 293 (2007)
393 N.J. Super. 304
J. Louis BINDER, as Trustee of the Resorts International, Inc. Litigation Trust, Plaintiff-Appellant,
v.
PRICE WATERHOUSE & CO., L.L.P., Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued April 25, 2007.
Decided May 30, 2007.
*294 David H. Pikus, Florham Park, argued the cause for appellant (Bressler, Amery & Ross, attorneys; Mr. Pikus, on the brief).
Alan E. Kraus, Newark, argued the cause for respondent, Price Waterhouse & Co., L.L.P., now known as Pricewaterhouse-Coopers, LLP, (Latham & Watkins, attorneys; Mr. Kraus, Lauren K. Podesta, and Monica Y. Awadalla, on the brief).
Before Judges COLLESTER, SABATINO and LYONS.
The opinion of the court was delivered by
LYONS, J.S.C. (temporarily assigned).
Plaintiff, J. Louis Binder ("Binder") appeals the dismissal of his action for accounting malpractice and breach of contract against defendant, Price Waterhouse & Co., L.L.P. ("Price Waterhouse"). The primary issue in this case is whether tolling principles apply to preserve a state court action that was originally timely filed in, and later dismissed by, the federal *295 courts after the normally-applicable statute of limitations had already expired. We find the proper standard to apply in this case is "equitable principles," but that because plaintiff did not act promptly to file his state court action after dismissal of the federal action, we affirm the state court's dismissal of his action. The following factual and procedural history is relevant to the issues advanced on appeal.
On November 12, 1989, creditors of Resorts International Inc. and Resorts International Financing, Inc. (collectively "Resorts") filed Chapter 11 involuntary reorganization petitions in the United States Bankruptcy Court for the District of New Jersey. On December 22, 1989, Griffin Resorts and Griffin Resorts Holding, Inc. (collectively "Griffin"), affiliates of Resorts, filed separate voluntary Chapter 11 petitions. Pursuant to an order of the Bankruptcy Court, the Chapter 11 cases were consolidated and jointly administered.
The Bankruptcy Court issued an order confirming the second-amended joint plan of reorganization on August 28, 1990. On August 29, 1990, Kenneth Feinberg ("Feinberg") was approved as the litigation trustee in the bankruptcy matter. A Final Plan and Litigation Trust Agreement were executed between Resorts, Griffin, and Feinberg to facilitate the reorganization plan on September 17, 1990. Article VIII of the Litigation Trust Agreement gave the Bankruptcy Court exclusive jurisdiction over all claims relating to the litigation trust.
The assets assigned to the litigation trust were claims originally held by Resorts against Donald J. Trump ("Trump") and affiliated entities arising from Trump's 1988 buyout of the Taj Mahal Resort. The plan authorized the trustee to prosecute claims against the Trump entities. On November 1, 1990, after confirmation of the plan, Feinberg retained Price Waterhouse to provide auditing and tax-related services to the litigation trust. On May 21, 1991, Feinberg, as trustee, entered into an agreement with Trump and affiliates, and Resorts, settling the litigation claims for $12,000,000, which funds became assets of the litigation trust. On August 17, 1994, Binder replaced Feinberg as trustee.
On April 15, 1997, nearly seven years after the Reorganization Plan was confirmed, Binder, as trustee, filed a complaint in the United States Bankruptcy Court against Price Waterhouse charging professional negligence and breach of contract and seeking damages and disgorgement fees.
Following three years of discovery, Price Waterhouse moved before the Bankruptcy Court to dismiss Binder's complaint for lack of subject matter jurisdiction. The Bankruptcy Court granted Price Waterhouse's motion to dismiss on January 4, 2002 finding there was no "related to" or "core" jurisdiction and thus, no subject matter jurisdiction.
Binder appealed to the Federal District Court, which, on December 18, 2002, reversed the Bankruptcy Court's earlier dismissal order and reinstated and remanded the matter, finding that the claims arising from the professional misconduct claim were sufficiently related to the bankruptcy case to be within the jurisdiction of the Bankruptcy Court. On June 22, 2004, the Third Circuit reversed the holding of the District Court, finding that the matter "lack[ed] a close nexus to the bankruptcy plan or proceeding and affect[ed] only matters collateral to the bankruptcy process." Binder v. Price Waterhouse & Co., L.L.P., 372 F.3d 154, 169 (3d Cir.2004). Consequently, the District Court entered an order dismissing the bankruptcy complaint on August 9, 2004. No petition for certiorari *296 was filed with the United States Supreme Court.
Following dismissal of the Bankruptcy Court proceedings, Binder retained new counsel ("counsel") and decided to file a new action in the Superior Court alleging identical claims and seeking identical relief to that sought in the Bankruptcy Court. On or about February 18, 2005, counsel prepared a complaint for an action in the Superior Court but failed to file or serve same. Counsel submitted a first-amended complaint to the clerk of the Superior Court for filing on or about April 29, 2005. Counsel "drafted" a second-amended complaint to correct typographical errors on or about May 31, 2005.
On September 11, 2005, a notice of administrative dismissal with prejudice for lack of prosecution was issued by the clerk of the Superior Court because as of that date, the May 31, 2005 second-amended complaint was not of record and had not been served. Consequently, on or about October 12, 2005, counsel filed a third-amended complaint. On November 11, 2005, the third-amended complaint was dismissed for failure to prosecute because service had not been timely performed. The complaint was never reinstated. On December 8, 2005, the October 12, 2005 third-amended complaint was served upon defendant.
On February 22, 2006, Price Waterhouse filed a motion to dismiss plaintiff's claim for failure to comply with the statute of limitations. Binder filed a precautionary cross-motion for reinstatement of the October 12, 2005 action and a motion hearing was held on April 28, 2006. Following the hearing, the court granted the motion to dismiss with prejudice, finding that contrary to Binder's arguments, the substantial compliance doctrine was inapplicable and equitable tolling principles did not warrant the restoration of the complaint because his delay in filing the complaint was excessive. This appeal ensued.
On appeal, Binder raises the following arguments for our consideration:
I. The Statute Of Limitations Does Not Bar An Action Dismissed By The Federal Courts For Lack Of Subject Matter Jurisdiction.
II. The Relatively Brief Interval Between Filing And Service Should Be Excused In This Otherwise Longstanding Dispute.
Binder relies significantly upon Negron v. Llarena to argue that the lawsuit should be allowed to proceed under the principles of substantial compliance or equitable tolling because he timely filed in the Bankruptcy Court.[1] 156 N.J. 296, 716 A.2d 1158 (1998). We disagree.
Actions in professional negligence and breach of contract have six-year statutes of limitations. N.J.S.A. 2A:14-1. Generally, the date when a cause of action is deemed to have accrued is the date upon which the right to institute and maintain a suit first arises. Holmin v. TRW, 330 N.J.Super. 30, 35, 748 A.2d 1141 (App. Div.), certif. granted, 165 N.J. 531, 760 A.2d 785 (2000), aff'd, 167 N.J. 205, 770 A.2d 283 (2001). It is undisputed in this case that Binder timely filed his complaint with the Bankruptcy Court on April 15, 1997 and that on this date, he had a right *297 to institute a suit against Price Waterhouse for breach of contract and professional negligence for alleged negligence dating back to audits performed in 1991 and 1992. In Berke v. Buckley Broadcasting Corp., we recognized that 28 U.S.C. § 1367(d) tolls "the period between the running of the statute while the action is pending in the federal court and thirty days following the final judgment of the federal court deciding to exercise supplemental jurisdiction." 359 N.J.Super. 587, 595, 821 A.2d 118 (App.Div.), certif. denied, 177 N.J. 571, 832 A.2d 322 (2003). Thus, it is settled that between the April 15, 1997 filing and the District Court's dismissal of the Bankruptcy Court case on August 9, 2004, the pending federal matter suspended the running of the statute of limitations for purposes of an ensuing state court action. The paramount question at hand is whether the matter continued to be tolled during the eight-month period that the federal case was dismissed on August 9, 2004 and the filing of the first-amended complaint on April 29, 2005.
28 U.S.C. § 1367(d) "toll[s] the running of the state statute of limitations from its customary expiration date until the expiration of a thirty-day period following conclusion of the federal action." Ibid. Because Binder commenced the state action more than thirty days after dismissal of the federal action by the Third Circuit, relief under § 1367(d) is not available to him. Id. at 596, 821 A.2d 118. There being no statutory remedy available, Binder argues that under Negron, he should have been excused for the untimely filing of his amended complaint because he substantially complied with the statute of limitations by filing his federal bankruptcy action in good faith. We disagree.
Negron concerned a wrongful death action initially filed in the Federal District Court. Before trial, and outside the two-year statute of limitations period imposed by the New Jersey Wrongful Death Act, the suit was voluntarily dismissed on the ground that the District Court did not have jurisdiction. A complaint alleging the same facts and causes of action was subsequently filed in the Superior Court eleven weeks after dismissal. Defendants moved for summary judgment, arguing that the statute of limitations had not been met. The trial court denied the motion and allowed the matter to proceed. We reversed, concluding that the statute of limitations barred plaintiff's claim in state court. On certification, the Supreme Court found that plaintiff had substantially complied with the two-year statute of limitations and permitted the matter to proceed. Negron is significantly different from this case, however.
Negron concerned a wrongful death claim brought by an administratrix of an estate, a claim with a "substantive" statute of limitations because it was "enacted as part of the Wrongful Death Act, [and] has been regarded as `an indispensable condition' of the right to maintain a wrongful death action." 156 N.J. at 300, 716 A.2d 1158 (quoting Peters v. Public Serv. Corp., 132 N.J.Eq. 500, 507, 29 A.2d 189 (Ch.Div. 1942), aff'd per curiam, 133 N.J.Eq. 283, 31 A.2d 809 (E. & A.1943)). The instant case involves breach of contract and professional negligence claims which are "general causes of action" with "procedural" statutes of limitation. Ibid. This distinction is significant because the Supreme Court has held that "[f]lexible applications of procedural statutes of limitation may be based on equitable principles, such as . . . estoppel [whereas] . . . substantive statutes of limitation are traditionally applied strictly." Id. at 300-01, 716 A.2d 1158. In light of this holding, equitable tolling, not substantial compliance, is the proper standard to apply in this case, a proposition *298 that does not work to plaintiff's legal disadvantage.
Moreover, in Negron, the Supreme Court expressed that to benefit from substantial compliance, a plaintiff should act diligently and file its state action "immediately following dismissal in federal court." Id. at 305, 716 A.2d 1158; see also Berke, supra, 359 N.J.Super. at 597, 821 A.2d 118 (noting that where a forum is "erroneously selected by filing of a timely suit and the plaintiff acts diligently to rectify the error by re-filing in the proper state forum, the policy of the statute of limitations is not offended by regarding the first erroneous filing as substantial compliance with the statute of limitations."). In the instant case, Binder did not file his claim in state court immediately following his dismissal. Unlike in Negron, where the Supreme Court excused a delay in filing a state claim eleven weeks after the federal court's dismissal, in this case, Binder waited eight months to file a complaint in state court only to have it dismissed for lack of prosecution and had to re-file in October 2005, over one year after the dismissal of the federal action. Accordingly, Binder cannot rely on the principle of substantial compliance when the facts reveal that he did not diligently or substantially act to assert a state court claim in a timely manner.
Having established that substantial compliance is inapplicable in this case, the proper standard, equitable tolling, must be analyzed. The motion court applied equitable tolling and concluded that the principle did not support such a significant gap in time between dismissal and filing in the state court. The court did not err in its determination.
Equitable tolling has generally been applied in three circumstances:
(1) [where] `the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass' . . .
(2) where a plaintiff has `in some extraordinary way' been prevented from asserting his rights [and] . . .
(3) where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.
[Freeman v. State, 347 N.J.Super. 11, 31, 788 A.2d 867 (App.Div.), certif. denied, 172 N.J. 178, 796 A.2d 895 (2002) (quoting Dunn v. Borough of Mountainside, 301 N.J.Super. 262, 275, 693 A.2d 1248 (App.Div.1997), certif. denied, 153 N.J. 402, 709 A.2d 795 (1998)).]
"Absent a showing of intentional inducement or trickery by a defendant, the doctrine. . . should be applied sparingly and only in the rare situation where it is demanded by sound legal principles and in the interest of justice." Ibid. As required by the doctrine of substantial compliance, equitable tolling requires plaintiffs to "diligently pursue their claims" because although it "`affords relief from inflexible, harsh or unfair application of a statute of limitations,' [it] does not excuse claimants from exercising the reasonable insight and diligence required to pursue their claims." Id. at 31-32, 788 A.2d 867 (quoting Villalobos v. Fava, 342 N.J.Super. 38, 52, 775 A.2d 700 (App.Div.), certif. denied, 170 N.J. 210, 785 A.2d 438 (2001)).
Turning to the case at hand, it was Binder's inaction that formed the basis for his failure to file within the proper limitations period. Binder has not shown that he lacked vital information or that defendant withheld important evidence. Binder has presented no showing that he was tricked or induced by his adversary into filing the complaint so long after it was dismissed by the federal courts. Likewise, Binder has not demonstrated that he was prevented from asserting his rights in the *299 state courts after the federal matter was dismissed. Most importantly, Binder did not assert his rights in a timely manner.[2]
Equitable tolling "requires the exercise of reasonable insight and diligence by a person seeking its protection." Villalobos, supra, 342 N.J.Super. at 52, 775 A.2d 700. Although Binder argues that he has exercised diligence in filing his federal and state complaints, no such diligence has been shown regarding the state filing. Binder asserts that it was the inaction of his prior counsel that prejudiced him and caused the delay in filing the State action. However, it has been held that "[i]n non-capital cases, attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the `extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d. Cir.), cert. denied, 534 U.S. 944, 122 S.Ct. 323, 151 L.Ed.2d 241 (2001). Although "egregious attorney misconduct may justify equitable tolling. . . a petitioner `must also show that he acted with reasonable diligence and that the extraordinary circumstances caused his petition to be untimely.'" Schlueter v. Varner, 384 F.3d 69, 77 (3d. Cir.2004), cert. denied, 544 U.S. 1037, 125 S.Ct. 2261, 161 L.Ed.2d 1067 (2005) (quoting Baldayaque v. United States, 338 F.3d 145, 152-53 (2d. Cir. 2003)).
In this case, Binder has been unable to show that he acted with reasonable diligence in filing the state court matter and has failed to present a legitimate reason why his filing was untimely. In fact, when the motion court inquired as to the delay in filing, Binder's counsel noted that Binder was "shopping" for attorneys and experts. Thus, "plaintiff's inaction and extraordinary delay" justified the court's judgment dismissing his amended complaint. Villalobos, supra, 342 N.J.Super. at 52, 775 A.2d 700. In addition, absent a showing of trickery, diligence by Binder, or that the interest of justice demands the complaint be deemed timely filed, equitable tolling cannot be applied to save his claim, given that such relief is to be utilized sparingly and here Binder waited, at a minimum, eight months to file his state claim following dismissal of the federal action and then did not pursue it. "[E]quity does not aid one whose indifference contributed materially to the injury complained of." Harrington v. Heder, 109 N.J.Eq. 528, 534, 158 A. 496 (E. & A.1931); see also Stout v. Seabrook's Executors, 30 N.J.Eq. 187, 190-91 (Ch. 1878), aff'd, 32 N.J.Eq. 826 (E. & A. 1880) (holding that "the law assists those who are vigilant, not those who sleep on their rights."). Therefore, the motion court did not err in dismissing Binder's state action, as it is undisputed that Binder's claims of alleged improper conduct in the early 1990's are time-barred unless the limitation period is tolled.
Plaintiff nonetheless argues that his lawsuit should be revived because defendant has not demonstrated prejudice. We recognize that defendant has been aware of the nature of plaintiff's claims since 1997, and litigated them, albeit mainly on jurisdictional issues, for several years in the federal system. We are also mindful that defendant points to no specific source of prejudice, such as the death or infirmity of a potential witness, arising from the circumstances. However, it stands to reason that the memories of witnesses have faded since the underlying events occurred *300 more than a decade ago. In any event, the absence of specific prejudice on defendant's part does not excuse plaintiff's dilatory failure to file a state court complaint promptly after the federal litigation ended. The salutary policies underlying the long-expired statute of limitations would surely be undermined if we were to allow plaintiff to re-file his claims in state court at his leisure.
Binder also argues that the court should excuse the "relatively brief interval" between the filing of the third-amended complaint on October 12, 2005, and the service of the summons and complaint on December 8, 2005 because the failure to timely serve the pleadings was error by his counsel, not his own. Binder's argument is not relevant to our decision, however, because his complaint was not timely filed and did not meet the statute of limitations.
Accordingly, we affirm.
NOTES
[1] Plaintiff asserts that the motion court failed to conduct the five-prong analysis stated in Negron to determine whether a toll is warranted under substantial compliance. These factors include: (1) the lack of prejudice to defendant; (2) the steps taken to comply with the statute; (3) a general compliance with the statute's purpose; (4) a reasonable notice of plaintiff's claim; and (5) a reasonable explanation for the absence of strict compliance. Negron, supra, 156 N.J. at 305, 716 A.2d 1158.
[2] Unlike in Negron, supra, where the Supreme Court excused a delay of eleven weeks in filing a state claim, in this case, Binder waited eight months to file his first complaint (captioned first-amended complaint) and fourteen months to file his second complaint (captioned third-amended complaint) with the Superior Court.