**DLD-198** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1739
_____

RAMI SHALHOUB,
Appellant

v.

OFFICER JAMES DEPRETA; RICHARD ZAVINSHY, Chief of Police;
ROCHELLE PARK POLICE DEPARTMENT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-11-cv-00368)
District Judge:  Honorable Jose L. Linares
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2011

Before:  BARRY, FISHER and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed: July 21, 2011)
_____

OPINION
_____

PER CURIAM

Pro se appellant Rami Shalhoub appeals the District Court's order dismissing his

complaint.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise a plenary

standard of review.  Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  For the reasons set forth below, we will summarily affirm the District Court's judgment.

Shalhoub filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Rochelle Park Police Department ("the Police Department"); James Depreta, a police officer; and Richard Zavinshy, the chief of the Police Department.  Shalhoub alleged that on January 22, 2007, Officer Depreta stopped him, took him into custody, and seized $876 in cash and the Lincoln Town Car that he was driving.  Depreta apparently released Shalhoub, but stated that he would surrender the car to only its registered owner. Shalhoub then returned to the police station with Firas Al Salibi, who, although not the car's owner, claimed to have the owner's permission to use it.  However, in the process of these negotiations, the police seized Al Salibi's vehicle, a Chevrolet van.  Inside the van was $15,500 in cash that belonged to Shalhoub, which the police also confiscated. Shalhoub claims that the defendants have neither returned his $16,376 nor initiated forfeiture proceedings.  On January 27, 2007, Shalhoub was arrested and has been in custody since that date.

Shalhoub initially filed his complaint in the United States District Court for the Middle District of Pennsylvania.  A magistrate judge issued a report and recommendation concluding that (1) the complaint should be dismissed as barred by the two-year statute of limitations, and (2) venue lay only in the United States District Court for the District of New Jersey.  The case was then transferred to the District of New Jersey for further proceedings.

2

On January 31, 2011, the United States District Court for the District of New Jersey entered an order adopting the previously issued report and recommendation and dismissing the complaint pursuant to 28 U.S.C. § 1915. The Court concluded that in New Jersey, § 1983 claims are subject to a two-year statute of limitations, and held that Shalhoub had failed to file his complaint within two years of his claims' accrual. Nonetheless, the Court "ordered that to the extent the deficiencies in Plaintiff's claims may be cured by way of amendment, Plaintiff is granted thirty (30) days in which to file such an amended complaint."

On March 1, 2011, the Court entered an order dismissing Shalhoub's complaint with prejudice and closing the case. On the same day, a document that Shalhoub called an "amended motion to show cause" arrived in the District Court. The Court construed the document as an amended complaint, but concluded that it had not been filed within the 30-day period prescribed by the Court's previous order, and thus refused to consider it. Shalhoub then filed a timely notice of appeal.

As an initial matter, we conclude that the District Court should have permitted Shalhoub's amendment. Contrary to the Court's calculation, the amendment was in fact filed within 30 days of the date that the Court entered its scheduling order. Nevertheless, we find it unnecessary to remand the case, because the District Court's ruling that Shalhoub's complaint was barred by the applicable statute of limitations applies with equal force to his amended complaint. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (explaining that "[w]e may affirm the District Court on any grounds supported by

3

the record"). As the District Court explained, Shalhoub's § 1983 claims are subject to a two-year statute of limitations. See O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006). In his amended complaint, Shalhoub alleges that the defendants wrongly seized his property on January 22, 2007. However, he did not file his complaint until December 22, 2010 – well outside the limitations period.

Shalhoub contends that the equitable tolling doctrine renders his claims timely. According to Shalhoub, the defendants told him that they would return his property to him when he completed his state sentence, and that these misstatements caused him to allow the filing deadline to pass. See, e.g., Binder v. Price Waterhouse & Co., L.L.P., 923 A.2d 293, 298 (N.J. Super. Ct. App. Div. 2007). However, his own allegations undermine this argument. See generally Fogle v. Pierson, 435 F.3d 1252, 1258-59 (10th Cir. 2006) (explaining that dismissal is appropriate under § 1915 when it is "patently clear" that tolling argument lacks merit). The equitable tolling doctrine "requires the exercise of reasonable insight and diligence by a person seeking its protection." Villalobos v. Fava, 775 A.2d 700, 708 (N.J. Super. Ct. App. Div. 2001). Shalhoub acknowledges that he finished serving his sentence on September 11, 2008. Had Shalhoub proceeded with reasonable diligence, he would have realized soon thereafter that the defendants – despite the promises that they had allegedly made – did not intend to return his property. Shalhoub, however, did not inquire as to the status of his property until July 2010, and ultimately did not file his complaint until December 22, 2010. Thus, even if we toll the statute of limitations until Shalhoub should have known that the

4

defendants had permanently confiscated his property (on or about September 11, 2008), see Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1392 (3d Cir. 1994), his complaint is still barred by the two-year statute of limitations. Shalhoub's lack of diligence in investigating his claims and filing his complaint is fatal to his equitable tolling argument. See Binder, 923 A.2d at 299 ("Equity does not aid one whose indifference contributed materially to the injury complained of." (internal quotation marks omitted)); see also Cetel v. Kirwan Fin. Group, Inc., 460 F.3d 494, 509 (3d Cir. 2006).

We thus agree with the District Court's conclusion that Shalhoub's action is time-barred. We note that Shalhoub has also asserted a state-law negligence claim; we understand the District Court's dismissal of this claim to be without prejudice to Shalhoub's right to assert that claim in state court. See Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009). With this understanding, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We also deny Shalhoub's request for the appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).