**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3257
_____

EDWARD JEFFREY MONTGOMERY,
                                                    Appellant

v.

APARATIS DIST. COMPANY; JOHN DOE; DIRECTOR AL ORTIZ; DIRECTOR
FAUNCE; WARDEN HENRICKS; CAPTAIN CHRISTOPHERSON; SGT. LYNN;
CRAWFORD; LT. JOHN DOES; DR. ANNICETTE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cv-05382)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 9, 2015
Before:  FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 10, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Appellant Edward Montgomery, proceeding pro se and *in forma pauperis*, appeals from the District Court's dismissal of his complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). For the following reasons, we will affirm.

Montgomery alleged that, while a pretrial detainee housed in the medical unit at Essex County Correctional Facility ("ECCF") from March 2013 until April 2014, he slipped and fell in water pooling near water dispensers. Montgomery sustained a pinched nerve injury that caused continuing leg and back pain. When painkillers prescribed by ECCF medical personnel failed to eliminate his pain, Montgomery was referred to at least two orthopedic specialists. According to Montgomery, they recommended that he receive an MRI, which the ECCF medical director, Appellee Dr. Lionel Anicette, refused for a time to authorize due to its cost.

After filing internal administrative grievances without success, Montgomery brought suit under 42 U.S.C. § 1983 and state tort law in District Court against various ECCF correctional officers, Dr. Anicette, and the manufacturer of the water dispensers, Aparatis Distribution Company. He alleged that by exposing him to unsafe prison conditions as a pretrial detainee and then delaying or denying adequate medical care—i.e., the MRI—they violated his Fourteenth Amendment due process rights and were liable for negligence. On September 18, 2013, Montgomery fell while suffering numbness in legs—which he attributes to his pinched nerve—and injured his wrist. By

constitute binding precedent.

November 7, 2013, he had requested an injunction ordering ECCF to provide the MRI.

Before the court could rule on this motion, Dr. Anicette approved the MRI on December

18, 2013, and Montgomery underwent the procedure on April 3, 2014. The MRI

indicated that Montgomery's pain was due to levoscoliosis and mild lumbar spondylosis.

On April 3, 2014, the District Court dismissed with prejudice Montgomery's

§ 1983 claims against the correctional officers and Aparatis for failure to state a claim

under §§ 1915(e)(2)(B)(ii).[1] The court also dismissed his negligence claims against each

Defendant for lack of subject matter jurisdiction. However, the court permitted his claim

against Dr. Anicette to proceed and ordered Dr. Anicette to show cause why the

injunction should not be granted. After Dr. Anicette filed a response brief and supporting

documents, the District Court on June 17, 2014, denied the request for injunctive relief

and dismissed Montgomery's complaint against Dr. Anicette under §§ 1915(e)(2)(B)(ii).

Montgomery timely appealed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the

District Court's dismissal of Montgomery's claims under § 1915(e). See Allah v.

Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The standard for failing to state a claim

under § 1915(e)(2)(B)(ii) is the same as that under Fed. R. Civ. P. 12(b)(6). See id. To

survive a Rule 12(b)(6) motion, "a complaint must contain sufficient material, accepted

---

[1] The District Court dismissed all claims against Aparatis and the correctional officers
prior to service. They are not participating in this appeal.

3

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2008)).

The District Court properly dismissed the § 1983 claim against Aparatis. A private party is subject to liability under § 1983 only when it acts under color of state law. Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978)). Montgomery alleged only that Aparatis provided defective water dispensers to ECCF. There is no suggestion that Aparatis exercised any power or authority attributable to state law. See Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998) (citing West v. Atkins, 487 U.S. 42, 49 (1988)).

The District Court dismissed the § 1983 claim against the correctional officers on the grounds that Montgomery's allegations—that they knew of the flooding near the water dispensers but did not replace them until after he was injured—suggested at most negligence, which does not amount to a constitutional violation. See Cnty. of Sacramento v. Lewis, 523 U.S. 833, 849 (1998). As a pretrial detainee, the Fourteenth Amendment protected Montgomery from any and all punishment. See Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005) (citing Bell v. Wolfish, 441 U.S. 520, 535–36 (1979)). A condition constitutes punishment "when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose." Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007). Montgomery's allegations do not plausibly suggest either that ECCF

4

officers permitted the water to pool intentionally to punish the detainees or that the officers' alleged tardiness in responding to the hazard was so excessive in light of their legitimate purpose for providing the dispensers as to amount to punishment. See id.

Nor did the District Court err in dismissing under §§ 1915(e)(2)(B)(ii) Montgomery's claim about the medical care he received. As noted, Montgomery was a pretrial detainee at the time, and therefore the Fourteenth Amendment Due Process Clause protected him from conditions of confinement, including his health care or lack thereof, that amounted to punishment. See Hubbard, 399 F.3d at 166. We have also analyzed pretrial detainees' claims of inadequate medical care using, as a guide, the Eighth Amendment standard governing such claims by convicted prisoners. See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003). Delay or denial of medical care violates the Eighth Amendment where defendants are deliberately indifferent to a prisoner's serious medical need. See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Under any standard applicable here, governmental actors' intent must be greater than mere negligence for their alleged misconduct to support a constitutional claim. See Daniels v. Williams, 474 U.S. 327, 333 (1986).

Montgomery alleged that orthopedic specialists recommended an MRI to ascertain the cause of his recurring pain as early as the summer of 2013, but Dr. Anicette did not

approve it until December 2013 and he did not receive it until April 2014.[2]  He further

alleged that at least one of his physicians said the cost of an MRI was a source of delay.

None of Montgomery's allegations, however, plausibly suggests that his

physicians prescribed an MRI as *immediately* necessary to *treat* his pain.  At most,

Montgomery's complaint and the documents he attached to it, see Pension Benefit Guar.

Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (noting that Rule

12(b)(6) analysis typically considers only the complaint, attached exhibits, and matters of

public record), suggest the MRI was being considered to study the genesis of a

nonemergency condition causing him pain, pain that ECCF was directly treating through

various courses of medication.  See Rouse, 182 F.3d at 197 (observing that constitutional

violation occurs where official "delays *necessary* medical *treatment* based on a non-

medical reason") (emphasis added).  The Constitution does not prevent a prison from

factoring cost considerations into its medical care decisions if, as here, it does not result

in denial of necessary treatment.  See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239,

---

[2] We recognize that these facts are disputed.  In the Rule 12(b)(6) analysis undertaken in § 1915(e)(2)(B)(ii) screening, see Allah, 229 F.3d at 223, however, a court must assume that a plaintiff's well-pleaded factual allegations are true.  See Iqbal, 556 U.S. at 679.  In conducting its analysis, the District Court improperly looked to evidence beyond the pleadings without providing the parties with prior notice that it would, in effect, be rendering summary judgment.  See Fed. R. Civ. P. 12(d); DL Res., Inc. v. FirstEnergy Solutions Corp., 506 F.3d 209, 223 (3d Cir. 2007).  However, such an error is harmless where, as here, the complaint does not state a viable claim for relief.  See Rose v. Bartle, 871 F.2d 331, 342–43 (3d Cir. 1989).

6

245 (1983); Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 418–19 (3d Cir. 2000).

As Montgomery's complaint and its attached documents indicate, ECCF provided him with medical care for his conditions—indeed, sending him to two orthopedic specialists—even if a particular procedure was not provided as quickly as he preferred. That he disagreed with Dr. Anicette as to the proper course of his treatment does not indicate that it was unconstitutionally delayed. See Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). At most, delaying the MRI while other treatment options were pursued suggests mere medical negligence, which is insufficient to support a constitutional violation. See Daniels, 474 U.S. at 333; Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Given the unlikelihood that amended pleadings by Montgomery could overcome the identified deficiencies, the District Court did not abuse its discretion in denying leave to amend the § 1983 claims against Aparatis, the correctional officers, and Dr. Anicette. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Finally, as we have noted, the District Court dismissed the negligence claim against each Defendant for lack of subject matter jurisdiction. We understand the District Court to have been declining to exercise supplemental jurisdiction over these claims. See 28 U.S.C. § 1367(a); United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). As we conclude that the District Court properly dismissed all claims falling within its original jurisdiction, we perceive no abuse of discretion in the District Court's refusal to exercise

7

supplemental jurisdiction.[3]  See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 181 (3d Cir. 1999).

For the foregoing reasons, we will affirm the District Court's orders dismissing Montgomery's complaint.  Montgomery's request for appointment of counsel, stated within his informal brief and another document he filed in support of his appeal, is denied.  Dr. Anicette's motion to supplement the record is granted.

---

[3] Because these negligence claims were dismissed without prejudice, Montgomery has the option of pursuing them in state court.  However, as it appears that the applicable two-year statute of limitations, see N.J. Stat. Ann. § 2A:14-2(a); McGrogan v. Till, 744 A.2d 255, 260 (N.J. Super. Ct. App. Div. 2000), is about to or has already expired on some of these claims during the pendency of this federal litigation, Montgomery risks being time-barred if he does not file any such action in a New Jersey court within 30 days of this decision.  See 28 U.S.C. § 1367(d); Binder v. Price Waterhouse & Co., L.L.P., 923 A.2d 293, 297 (N.J. Super. Ct. App. Div. 2007).