ALD-182                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4269
_____

C. TATE GEORGE; GEORGE GROUP LLC; ALEXYS HEIGHTS LLC

v.

EAST ORANGE HOUSING AUTHORITY; MARK DAMATO; UNITED STATES OF
AMERICA; EAST ORANGE BOARD OF COMMISSIONERS

C. Tate George,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2:15-cv-02296)
District Judge: Honorable Kevin McNulty
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 6, 2017
Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed:  April 24, 2017)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

C. Tate George appeals the District Court's dismissal of his complaint for lack of jurisdiction and as time-barred. We will summarily affirm.

George filed a complaint against the defendants in the Superior Court of New Jersey on February 23, 2015. In that complaint, George alleged that he and his businesses were selected in May 2007 to develop a property in East Orange, New Jersey. George then learned in November 2008 that there was a tax lien on the property that threatened the development plan. According to George, the defendants had known about the tax lien for years but had concealed its existence from him. After the tax lien came to light, the defendants allegedly encouraged George to continue taking steps towards developing the property, and told George that they would endeavor to have the lien resolved. Eventually, in February 2010, George and his businesses were de-designated as developers on the project as a result of problems following from the tax-lien issue. George alleged that he and his businesses suffered financial losses as a result of the failure to disclose the tax lien before the request for proposals to develop the property was issued.

Because an officer of the U.S. Department of Housing and Urban Development ("HUD") was named as one of the defendants, the United States removed the case to federal court. Then proceeding before the District Court, the United States filed a motion to dismiss the claims against the HUD official for lack of jurisdiction because George had not exhausted administrative remedies under the Federal Tort Claims Act ("FTCA"). The other defendants—all local entities or officials in East Orange—also filed a motion to dismiss the complaint. Thereafter, George filed papers with the District Court

2

purporting to show that in April 2015 he had begun efforts to file an administrative claim with HUD. Then, in October 2015, George filed a letter in the District Court that included HUD's denial of that administrative claim in September 2015.

The District Court terminated the motions to dismiss in light of that new development and invited the defendants to file new motions to dismiss. They did so, and George responded. This time, the District Court granted the motions to dismiss. The District Court dismissed the claims against the United States for lack of jurisdiction, and dismissed the claims against the other parties as time-barred. This appeal followed.

We have jurisdiction to review the District Court's order dismissing George's complaint under 28 U.S.C. § 1291. We exercise plenary review over a District Court's decision to grant a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) or 12(b)(6) (failure to state a claim upon which relief could be granted). Free Speech Coal., Inc. v. Attorney Gen. of U.S., 677 F.3d 519, 529-30 (3d Cir. 2012). In our review of the District Court's decision, we construe George's pro se pleadings liberally. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). We may summarily affirm a District Court's order if the appeal presents no substantial question, see 3d Cir. LAR 27.4; I.O.P. 10.6, and may rely on any ground that the record supports, see Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

Here, there is no substantial question that the District Court was correct to dismiss George's complaint. We agree with the District Court that as alleged in his complaint, George's claim against the HUD official was a tort claim, not a contract claim. As a result, George could potentially bring that claim only as a FTCA claim against the United

3

States.  See 28 U.S.C. § 2679(b)(1).  That said, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim.  28 U.S.C. § 2675(a)."  Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015).  Contrary to George's assertion, his post-suit attempt to pursue administrative remedies did not give the District Court subject matter jurisdiction to hear his FTCA claim.  The subsequent filing and denial of a claim after litigation has begun does not overcome the failure to exhaust administrative remedies.  McNeil v. United States, 508 U.S. 106, 111-12 (1993).  The District Court therefore did not err when it granted the United States' motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1).

The District Court's dismissal of the state-law claims against the local entities and officials in East Orange on limitations grounds was also correct.  It is proper for a District Court to consider the time bar at the pleading stage where, as here, noncompliance with the statute of limitations is plain on the face of the complaint.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994).  As the District Court observed, the claims that George's complaint arguably raised against the East Orange parties have a six-year filing deadline.  See N.J. Stat. Ann. § 2A:14-1.

The question, then, is when those claims accrued.  "Ordinarily, a cause of action accrues when any wrongful act or omission resulting in any injury, however slight, for which the law provides a remedy, occurs. . . . Generally, in the case of tortious conduct resulting in injury, the date of accrual will be the date of the incident on which the negligent act or omission took place."  Beauchamp v. Amedio, 751 A.2d 1047, 1050

4

(N.J. 2000) (internal citations omitted).  As alleged in George's complaint, the wrongful omission occurred when the defendants allegedly selected George and his businesses to develop the property in May 2007, because they allegedly knew at that time that there was a tax lien on the property.  Or, at the latest, the claims accrued when George was told about the tax lien in November 2008.  See Lopez v. Swyer, 300 A.2d 563, 565 (N.J. 1973) ("[I]n an appropriate case a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim.").  It was at that point that George unquestionably had an injury for which the law provided a remedy, even if the tax lien caused additional harms to George after that revelation.  Consequently, George's complaint should have been filed at the latest six years from the time that George learned about the tax lien—that is, in November 2014.[1]  George's February 2015 complaint was therefore filed too late.  There is no substantial question that the District Court's dismissal of the claims against the East Orange parties was correct.

Finally, these jurisdictional and pleading defects go to the heart of the action, and we are therefore satisfied that any amendment to the complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

---

[1] Nor did George's pleadings set out any basis for equitable tolling.  See Binder v. Price Waterhouse & Co., L.L.P., 923 A.2d 293, 298 (N.J. Super. Ct. App. Div. 2007).  George alleged that the defendants stated that they would attempt to resolve the tax lien (which allegedly increased his damages as he continued work on the development), but George did not allege that the defendants induced him to believe he should forgo pursuing legal remedies or otherwise prevented him from asserting his rights in some extraordinary way.

Consequently, for the above reasons and for the reasons set forth in the District Court's opinion, we will summarily affirm the District Court's judgment. <u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6.