**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1289-17T1

KRIZ RAMROOP, RAWLSON RAMROOP,
ELIZABETH MOHABIR, and AMANDA
GOSSAI,

     Plaintiffs-Appellants,

v.

STEVEN A. RAMROOP and LIBERTY
MUTUAL INSURANCE COMPANY,

     Defendants-Respondents.

_____

Submitted September 24, 2018 – Decided October 11, 2018

Before Judges Sabatino and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2353-17.

Manning, Caliendo & Thomson, PA, attorneys for appellants (Vincent P. Manning, on the brief).

Law Offices of Styliades and Jackson, attorneys for respondents (Madhumita Dey, on the brief).

PER CURIAM

Plaintiffs Kriz Ramroop, Rawlson Ramroop, Elizabeth Mohabir, and Amanda Gossai, were passengers in a car owned and operated by defendant Steven A. Ramroop and insured by defendant Liberty Mutual Insurance Co., which was involved in an automobile accident. They appeal from the motion court's order granting defendants' motion to dismiss their complaint because it was filed the day after the expiration of the two-year statute of limitations period for personal injury claims. Since plaintiffs did not assert any viable equitable basis to toll the statute of limitations, we affirm.

The motion record revealed the following. On August 16, 2015, Steven A. Ramroop was driving his car, in which plaintiffs were passengers, when he lost control, causing it to overturn and collide into a utility pole. Two weeks later, Liberty Mutual informed plaintiffs that it would provide them with Personal Injury Protection (PIP) benefits under Ramroop's policy upon their submission of various requested documentation.[1]

---

[1] With respect to Mohabir, the carrier changed its position and denied her PIP benefits a little over a year later after it discovered that she resided in a household where there were "several vehicles registered" to a single family member.

A-1289-17T1

On November 16, Liberty Mutual denied plaintiffs' claims for personal injuries based on its position that their respective injuries did not vault the verbal threshold.

On August 17, 2017, at 5:14 p.m. – two years and a day after the car accident – plaintiffs e-filed their personal injury complaint against defendants. In lieu of filing an answer, defendants filed a Rule 4:6-2(e) motion to dismiss the complaint for failure to state a claim on the basis that the complaint was filed after expiration of the two-year statute of limitations for personal injury claims prescribed by N.J.S.A. 2A:14-2(a).

Commenting that it was "loathe" to dismiss plaintiffs' claims when their complaint was filed seventeen hours late,[2] the court granted defendants' motion to dismiss based upon N.J.S.A. 2A:14-2(a). The court stated there was no doubt that plaintiffs were aware their claims arose on August 16, 2015, thus there were no equitable principles, such as discovery of their claims, to toll the statute of limitations after the accident date, as was recognized in Negron v. Llarena, 156 N.J. 296, 300 (1998) and W.V. Pangborne & Co., Inc. v. N.J. Dep't of Transp., 116 N.J. 543, 563 (1989). This appeal followed.

---

[2] The complaint was e-filed on August 17.

Although defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted, R. 4:6-2(e), and the court entered an order dismissing the complaint, we consider the order as one granting summary judgment because the court considered facts beyond those alleged in the complaint, R. 4:6-2(e). We therefore review the court's order de novo, applying the same standard as the trial court. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). We determine whether defendants, as the moving party, demonstrated the absence of genuine issues of material fact, and whether the court correctly determined defendants were entitled to judgment as a matter of law, owing no deference to the trial court's legal conclusions. N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 507 (App. Div. 2015).

There is no dispute that the complaint was filed a day after the two-year limitations period applicable to personal injury actions. N.J.S.A. 2A:14-2(a). Plaintiffs, however, argue the statute of limitations should have been relaxed because they substantially complied with the statute. We disagree.

Statutes of limitations "are based on the goals of achieving security and stability in human affairs and ensuring that cases are not tried on the basis of stale evidence." Zaccardi v. Becker, 88 N.J. 245, 256 (1982). "Consistent with

4

that purpose, 'where defendants are on notice of the claims, and no significant prejudice results, the policy reasons for upholding a strict statute of limitations recede.'" Price v. N.J. Mfrs. Ins. Co., 182 N.J. 519, 524 (2005) (quoting W.V. Pangborne & Co., Inc., 116 N.J. at 563)). Thus, "[f]lexible applications of procedural statutes of limitations may be based on equitable principles, such as the discovery rule, or estoppel[.]" Id. at 524-25 (internal citation omitted).

Here, there was no equitable reason to toll the statute of limitations. Plaintiffs were well aware that their injury claims arose when the accident occurred on August 16, 2015, and there was no "intentional inducement or trickery by . . . defendant[s]," which caused plaintiffs to miss the filing deadline. Binder v. Price Waterhouse & Co., LLP, 393 N.J. Super. 304, 313 (App. Div. 2007) (citation omitted). Even though defendants did not contend the late filing prejudiced them, plaintiffs' tardy filing cannot be overlooked absent a sufficient equitable reason. None of the cases cited by plaintiffs afford them relief from the application of N.J.S.A. 2A:14-2(a) under the circumstances of this case. Simply put, there is no grace period that allows a delay in the enforcement of the statute and the unfortunate effect of dismissing plaintiffs' complaint because it was filed a day late.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5