**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1522-24

CHRISTOPHER PARKER,

    Plaintiff-Appellant,

v.

SCHINDLER ELEVATOR
CORPORATION,

    Defendant-Respondent.

_____

Argued October 21, 2025 – Decided November 6, 2025

Before Judges Gilson, Firko, and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0194-24.

Jeffrey S. Mandel (Law Offices of Jeffrey S. Mandel, LLC) argued the cause for appellant.

James L. Sonageri argued the cause for respondent (Sonageri & Fallon, LLC, attorneys; James L. Sonageri, on the brief).

PER CURIAM

Plaintiff Christopher Parker appeals from December 20, 2024 orders granting defendant Schindler Elevator Corporation's motion for summary judgment and denying his motion for leave to file an amended complaint. Having reviewed the record and applicable law, we affirm.

I.

The relevant facts are not disputed.  On February 2, 2024, plaintiff filed a single-count complaint against defendant alleging bodily injury caused by defendant's negligence in "creating and permitting a dangerous condition within defendant's premises" located at 20 Whippany Road in Morristown, which is the address of defendant's headquarters.[1]  Plaintiff alleged:

> 10.    [D]efendant . . . maintained,         service[d], inspected[,] and repaired the elevators at a certain premise located at 20 Whippany Road, Morristown, NJ 07960.
>
> [ . . . ]
>
> 19.    On August 26, 2022, plaintiff . . . was inside an elevator which malfunctioned on the aforesaid premises mentioned in [p]aragraph[] [ten] above thereby sustaining injuries and damages as hereinafter alleged.
>
> 20.    Plaintiff['s] . . . injuries and damages . . . were caused by defendant's . . . negligence by creating and permitting a dangerous condition within defendant's

---

[1]  Plaintiff was represented by different counsel in the trial court.  His current counsel entered the case for purposes of this appeal.

A-1522-24

premises, which the defendant . . . knew, or should have known, existed, and continued to exist within said premises[,] and/or by failing to warn plaintiff . . . of said dangerous condition.

Plaintiff demanded responses to the applicable form interrogatories. On March 18, 2024, defendant filed an answer denying the allegations contained in the complaint. Defendant served a demand for answers to the applicable form interrogatories and supplemental interrogatories. The discovery end date was January 12, 2025. The two-year statute of limitations (SOL) applicable to plaintiff's claim for bodily injury expired on August 27, 2024. See N.J.S.A. 2A:14-2(a).

On October 24, 2024, defendant served its answers to plaintiff's interrogatories and simultaneously filed a motion for summary judgment. In support of its motion, defendant relied on a certification by its facilities supervisor asserting no accident occurred involving the elevator in defendant's headquarters building on August 26, 2022. Defendant's supporting statement of undisputed material facts stated:

> 1. Plaintiff alleges in his complaint that he was in the [headquarters] building located at 20 Whippany Road, Morristown . . . on August 26, 2022.
>
> [ . . . ]

A-1522-24

5.     There was no accident involving the elevator in the headquarters building on August 26, 2022.

On October 29, 2024, plaintiff served his answers to defendant's interrogatories, in which he stated:

> The subject incident occurred on August 26, 2022, around 5:00 [a.m.], [p]laintiff was working nights as an environmental aid at the Morristown Hospital in Morristown . . . and he was in the Kahn East [e]levator, specifically elevator [number 10] which is the middle of the [three] elevators.  The fire department had to [come] to get him out of the elevator as he could not get out of the elevator when it fell or dropped two floors and came to an abrupt stop and he injured his knee.

On November 11, 2024, plaintiff filed a "cross-motion to amend [the] location of [the] accident in [the] complaint."  In a supporting certification, plaintiff's counsel stated, "[t]he original complaint had a clerical error as to the address and location of the incident."  Plaintiff did not annex a copy of the proposed amended pleading as required by Rule 4:9-1.  Plaintiff filed the same certification of counsel in opposition to defendant's motion for summary judgment.  He did not file a response to defendant's statement of undisputed material facts as required by Rule 4:46-2(b).

On December 20, 2024, the court heard oral argument.  Plaintiff's counsel advised the court "the location in the [c]omplaint was in error" and he discovered the error when he was "preparing [plaintiff's] discovery responses."  Following

4

oral argument, the court entered the orders granting defendant's motion for summary judgment and denying plaintiff's motion to amend. The court supported its ruling with a written opinion.

The court noted plaintiff "fail[ed] to acknowledge [his] burden to show why, equitably, his belated assertion of the [amended address of the alleged incident] should relate back to the date of the original [c]omplaint." Rather, plaintiff "simply contends that his [original] allegation . . . was a 'clerical' error."

The court determined the proposed amendment sought to add "a distinctly new or different claim" because the original complaint "alleged that the accident occurred at one location" and the amendment "seeks to allege that the accident occurred at a different location." It is a "new occurrence at a different location." The court concluded that "is a fundamental change to the occurrence underlying the claim, and thus not protected by the relation-back doctrine."

The court also recognized "a party seeking to amend a pleading to allege new or additional facts must demonstrate 'diligence'" and concluded "an unadorned allegation of [a] 'clerical error,' without any explanation [of] why th[e] clerical error persisted for so long without correction, fails the 'diligence' requirement." The court denied plaintiff's motion to amend because "more than

two years have passed" and the proposed amended claim "is barred by the . . . [SOL]."

The court also determined plaintiff's cross-motion was improper "for it bears no relationship to the substance of [d]efendant's summary judgment motion" in violation of Rule 1:6-3(b), and the motion was procedurally defective because plaintiff failed to annex a copy of the proposed amended pleading as required by Rule 4:9-1.

The court granted defendant's motion for summary judgment because plaintiff failed to file a response to defendant's statement of material facts and, therefore, those facts were deemed admitted pursuant to Rule 4:46-2. As a result, plaintiff admitted he "was never injured at the accident location alleged in the [c]omplaint." This appeal followed.

## II.

On appeal, plaintiff contends the court "erred by dismissing plaintiff's case after prior counsel listed . . . the wrong accident location but identified the correct location in discovery." We are unconvinced.

1. The Motion to Amend

"[A] trial court's decision to grant or deny a motion to amend the complaint [is reviewed] for [an] abuse of discretion." Grillo v. State, 469 N.J.

Super. 267, 275 (App. Div. 2021) (quoting Port Liberte II Condo. Ass'n, Inc. v. New Liberty Residential Urb. Renewal Co., 435 N.J. Super. 51, 62 (App. Div. 2014)) (internal quotation marks omitted). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)) (internal quotation marks omitted).

Pursuant to Rule 4:9-1, leave to amend a pleading "shall be freely given in the interest of justice." The decision of whether to grant such a motion is left to the court's discretion considering the circumstances that exist at the time the motion is made. Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006). "That exercise of discretion requires a two-step process: whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Ibid. "[T]he factual situation in each case must guide the court's discretion." Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 484 (App. Div. 2012) (citing Bonczek v. Carter-Wallace, Inc., 304 N.J. Super. 593, 602 (App. Div. 1997)).

7

An amendment is "futile" when "the amended claim will nonetheless fail and, hence, allowing the amendment would be a useless endeavor." Prime Acct. Dept. v. Twp. of Carney's Point, 212 N.J. 493, 511 (2013) (alteration in original) (quoting Notte, 185 N.J. at 501). Here, the proposed amendment would be futile because it is barred by the SOL unless the amendment "relates back" to the filing of the complaint or the court permits the late amendment pursuant to the doctrine of equitable tolling.

Rule 4:9-1 "must be read in conjunction with" Rule 4:9-3. Notte, 185 N.J. at 500. Rule 4:9-3 states in pertinent part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction[,] or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading.

Rule 4:9-3 recognizes two types of amendments: (1) an amendment that asserts a claim that "arose out of the conduct, transaction[,] or occurrence set forth or attempted to be set forth in the original pleading" that "relates back to the date of the original pleading;" and (2) an amendment that asserts a new or different claim, which does not relate back.

In Harr v. Allstate Ins. Co., our Supreme Court explained Rule 4:9-3:

8

should be liberally construed. Its thrust is directed not toward technical pleading niceties, but rather to the underlying conduct, transaction[,] or occurrence giving rise to some right of action or defense. When a period of limitation has expired, it is only a distinctly new or different claim or defense that is barred. Where the amendment constitutes the same matter more fully or differently laid, or the gist of the action or the basic subject of the controversy remains the same, it should be readily allowed and the doctrine of relation back applied.

[54 N.J. 287, 299 (1969) (citing Gudnestad v. Seaboard Coal Dock Co., 15 N.J. 210, 223 (1954)) (citation omitted).]

When considering a new or different claim that does not relate back, the court must consider that "statutes of limitations should not be mechanically applied, and that equitable considerations sometimes rightly play a role in tempering their application." Baez v. Paulo, 453 N.J. Super. 422, 445 (App. Div. 2018). However, "[e]quitable tolling is traditionally reserved for limited occasions." F.H.U. v. A.C.U., 427 N.J. Super. 354, 379 (App. Div. 2012). A statute of limitations may be equitably tolled: "(1) [if] the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his [or her] rights, or (3) if the plaintiff has timely asserted his [or her] rights mistakenly in the wrong forum." Barron v. Gersten,

9

472 N.J. Super. 572, 577 (App. Div. 2022) (alterations in original) (quoting F.H.U., 427 N.J. Super. at 379) (internal quotation marks omitted).

"'Absent a showing of intentional inducement or trickery by a defendant, [equitable tolling] . . . should be applied sparingly and only in the rare situation where it is demanded by sound legal principles and in the interest of justice.'" Ibid. (quoting Binder v. Price Waterhouse & Co., L.L.P., 393 N.J. Super. 304, 313 (App. Div. 2007)). Claims of "attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Binder, 393 N.J. Super. at 314 (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d. Cir. 2001)).

Even if a plaintiff can demonstrate such extraordinary circumstances, equitable tolling also "'requires the exercise of reasonable insight and diligence by a person seeking its protection.'" Id. at 313 (quoting Villalobos v. Fava, 342 N.J. Super. 38, 52 (App. Div. 2001)). "[C]ase law has emphasized the need for plaintiffs and their counsel to act with due diligence in attempting to identify and sue responsible parties within the statute of limitations period." Baez, 453 N.J. at 438.

The court correctly determined plaintiff's proposed amendment to the complaint involved a distinctly new or different claim that would not "relate

back" pursuant to Rule 4:9-3. Plaintiff's complaint alleges injury caused by a "dangerous condition within defendant's premises." Plaintiff's proposed amendment, liberally interpreted, would assert a claim against defendant for negligently maintaining or servicing an elevator at an unrelated property owned by another entity, or possibly grounded in an alleged product defect. Regardless of which is asserted, the proposed amendment would assert a distinctly new or different claim than the premises liability claim asserted against defendant in plaintiff's complaint. The proposed claim would not, therefore, "relate back" to the filing of the complaint pursuant to Rule 4:9-3.

The court also correctly denied plaintiff's motion to amend the complaint based on the doctrine of equitable tolling. There is no basis to find plaintiff was "actively misled" or "in some extraordinary way . . . prevented from asserting his" rights. Barron, 472 N.J. Super. at 577. Rather, plaintiff's failure to assert a cause of action within the SOL was the result of attorney error. An error of counsel, without more, does not constitute the type of "extraordinary circumstances" required for equitable tolling. Binder, 393 N.J. Super. at 314.

We are also persuaded the court correctly concluded plaintiff failed to demonstrate reasonable diligence in pursuing his claim. Plaintiff did not identify the pleading error until more than two months after the SOL expired

and after defendant moved for summary judgment. And then, he only discovered the error while preparing his responses to discovery that were several months overdue.

In addition, the court appropriately denied plaintiff's motion on procedural grounds. The motion was improperly filed as a cross-motion in violation of Rule 1:6-3(b), and plaintiff did not annex a copy of the proposed amended pleading as required by Rule 4:9-1. Accordingly, there is no basis for us to find the court misapplied its discretion by denying plaintiff's motion to amend.

2. The Summary Judgment Decision

We are also convinced the motion judge correctly granted summary judgment. Our review of a trial court's grant or denial of a motion for summary judgment is de novo. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). Like the trial court, we consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). "By its plain language, Rule 4:46-2 dictates that a court should deny a summary judgment motion only where [a] party opposing the motion has come

forward with evidence that creates a 'genuine issue as to any material fact challenged.'" Id. at 529 (emphasis omitted).

Pursuant to Rule 4:46-2(a), a party moving for summary judgment must file a "statement of each material fact as to which the movant contends there is no genuine issue together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted." Rule 4:46-2(b) mandates "[a] party opposing the motion shall file a responding statement either admitting or disputing each of the facts in the movant's statement."

"[A]ll material facts in the movant's statement which are sufficiently supported will be deemed admitted . . . unless specifically disputed by citation [to the portion of the motion record] demonstrating the existence of a genuine issue as to the fact." Ibid. "An opposing party may also include in the responding statement additional facts that the party contends are material and as to which there exists a genuine issue." Ibid.

Rule 4:46-5(a) provides "an adverse party may not rest upon the mere allegations or denials [in] the pleading[s], but must respond by affidavits meeting the requirements of R[ule] 1:6-6 . . . setting forth specific facts showing that there is a genuine issue for trial." Rule 1:6-6 states affidavits must be "made on personal knowledge, setting forth only facts which are admissible in evidence

to which the affiant is competent to testify."  Mere annexation to the response to the motion of an exhibit list or the exhibits themselves, without more, does not constitute compliance with the rule.  Lyons v. Twp. of Wayne, 185 N.J. 426, 435 (2005).  The party opposing the motion has the affirmative duty of responding in accordance with the rule.  Polzo v. Cnty. of Essex, 196 N.J. 569, 586 (2008).

Plaintiff failed to file a response to defendant's statement of material facts.  Accordingly, the court properly determined those facts, including that there was no accident at defendant's premises as alleged in the complaint, were deemed admitted.  Moreover, plaintiff failed to properly include "additional facts" in a "responding statement" in accordance with Rule 4:46-2(b).  Based on our de novo review, we are convinced the court correctly granted defendant's motion for summary judgment.

To the extent we have not specifically addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

14

A-1522-24